**In re Peter PRESTEGAARD, Debtor.**

**Bankruptcy No. 91 B 20719.**

United States Bankruptcy Court,
S.D. New York.

April 22, 1992.

---

Kurtzman & Haspel, Spring Valley, N.Y., for debtor.

Friedman Siegelbaum, New York City, for United Jersey Bank.

1. **§ 522. Exemptions.**
    (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to

## DECISION ON MOTION FOR AN ORDER DETERMINING THE SECURED AND UNSECURED STATUS OF A CLAIM AND TO AVOID A LIEN THAT IMPAIRS DEBTOR'S HOMESTEAD EXEMPTION

HOWARD SCHWARTZBERG,
Bankruptcy Judge.

The debtor has moved pursuant to 11 U.S.C. § 522(f) to avoid a judicial lien that impairs his $10,000.00 homestead exemption under New York CPLR § 5206(a). United Jersey Bank ("UJB"), which holds a docketed judicial lien against the debtor in the sum of $195,751.69, objects to the motion on grounds that the debtor should not be permitted to avoid its lien in full and because the Supreme Court has ruled that lien stripping should not be authorized in a Chapter 7 case. *Dewsnup v. Timm,* —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992).

### FACTUAL BACKGROUND

The debtor filed with this court a petition for relief under Chapter 7 of the Bankruptcy Code on May 8, 1991. He is the owner as tenant by the entirety of a residence in Rockland County, New York. The parties have agreed that the appraised value of the property is $325,000.00. The property is encumbered by three mortgages totalling $318,000.00. The parties agree that the debtor has a one-half interest in the $7,000.00 total equity, namely $3,500.00. It is also not disputed that the debtor has a $10,000.00 homestead exemption under New York CPLR § 5206(a).

### DISCUSSION

One of the potent avoiding powers available to a debtor in a bankruptcy case is the power under 11 U.S.C. § 522(f)(1) to avoid judicial liens that are found to impair an exemption.[1] In 1982, New York State opted out of the federal exemptions. N.Y.Debt. & Cred. § 284 (McKinney 1990). However, a debtor in

which the debtor would have been entitled under subsection (b) of this section, if such lien is—
    (1) a judicial lien.
11 U.S.C. § 522(f)(1).

New York state may continue to apply 11 U.S.C. § 522(f)(1) to avoid a judicial lien to the extent it impairs the $10,000.00 New York homestead exemption. *In re Serapiglia*, 123 B.R. 481 (Bankr.E.D.N.Y.1990). Judicial liens may be avoided under 11 U.S.C. § 522(f)(1) even though the state has defined the exempt property so as to exclude property encumbered by the lien. *Owen v. Owen*, — U.S. —, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). To exercise this avoiding power the debtor must have had the property interest to which the judicial lien attached at some point before the lien attached to the property. *Farrey v. Sanderfoot*, — U.S. —, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991). In the instant case, UJB's judicial lien attached to the debtor's real property after he acquired his interest.

■ If the debtor's property were sold by the trustee in bankruptcy, there would be an equity available to the debtor in the sum of $3,500.00 after the satisfaction of the three mortgages recorded against the property. Accordingly, UJB's junior judicial lien of $195,751.67 would then continue to impair the debtor's $10,000.00 homestead exemption. "Indeed, the exemption would be impaired by any lien where the debtor's equity is greater than zero but less than the exemption amount of $10,-000." Bowmar, *Avoidance of Judicial Liens that Impair Exemptions in Bankruptcy: The Workings of 11 U.S.C. § 522(f)(1)*, 63 Am.Bankr.L.J. 375, 387 (1989). Even if the debtor lacks an equity interest in the property, 11 U.S.C. § 522(f)(1) may be applied to avoid the fixing of a judicial lien in order to allow the debtor to enjoy an applicable homestead exemption. *Brown v. Dellinger (In re Brown)*, 734 F.2d 119, 125 (2d Cir.1984).

### The Extent of the Judicial Lien

■ The crucial issue which separates the parties is the extent to which the judicial lien may be avoided. The debtor argues that UJB's judicial lien should be avoided in full in order to implement the congressional intent to give the debtor a fresh start. This concept has been viewed as including the opportunity for a debtor to reap the fruits of any post-petition appreci-

ation of the debtor's real estate subject to the homestead exemption. *In re Braddon*, 57 B.R. 677, 679 (Bankr.W.D.N.Y.1986) (judgment lien of $139,409.00 was avoided in full when it impaired a combined $20,-000.00 homestead exemption where the debtors' equity amounted to $6,002.00). *See also Serapiglia*, 123 B.R. at 488. UJB argues that the debtor should only be allowed to avoid its judicial lien to the extent of $10,000.00 because that is the extent that the lien impairs his exemption.

In resolving this issue, reference must be made to the governing statutory language in 11 U.S.C. § 522(f)(1) which authorizes judicial lien avoidance "*to the extent* that such lien impairs an exemption...." (emphasis added). There is nothing in the statute which permits a debtor to avoid a judicial lien to the extent it exceeds the otherwise available impaired exemption. If the real estate is sold by the Chapter 7 trustee for a sum not more than the mortgages and the homestead exemption, it would follow that the judicial lien would evaporate as a secured claim due to the forces of the market place. However, if the property is not sold, or the trustee abandons the property to the debtor, the existence of the judicial lien, to the extent it exceeds the amount by which it impairs the debtor's exemption, will continue to have significance. There is no compelling reason why the debtor should be permitted to avoid the lien to its full extent. It has been argued that this "debtor gets all" approach permits the debtor to enjoy the full potential value of the homestead exemption. *In re Galvan*, 110 B.R. 446, 451 (9th Cir. BAP 1990). Nonetheless, a judicial lien larger in amount than the homestead exemption does not impair the exemption if the exempt portion is carved out of the lien. The better reasoned approach is to protect the debtor's homestead exemption to the extent of the express limitation set forth in 11 U.S.C. § 522(f)(1) and not to create an additional avoidance power with respect to judicial liens that do not actually interfere with the debtor's homestead exemption. *Wachovia Bank and Trust Co. v. Opperman, (In re Opperman)*, 943 F.2d 441, 443–44 (4th Cir.1991); *In re Sanglier*, 124 B.R. 511, 514–15 (Bankr.E.D.Mich.1991); *In re*

*Hager,* 74 B.R. 198, 202 (Bankr.N.D.N.Y. 1987), *aff'd,* 90 B.R. 584 (N.D.N.Y.1988). This point was recently expressed in *In re Cerniglia,* 137 B.R. 722 (Bankr.S.D.Ill. 1992), as follows:

> Section 522(f)(1) gives the debtor only a limited power to avoid liens in order to preserve his exemption. This power may not be expanded to allow avoidance of the unsecured portion of the lien that would otherwise survive the debtor's discharge. To so interpret § 522(f)(1) would be to grant the debtor not merely the benefit of his exemption in the homestead property but also all the benefits of ownership beyond the exemption amount, including the right to any increase in value caused by subsequent events.
>
> . . . .
>
> Section 522(f)(1) was not intended to free the debtor's property completely of judicial liens. Rather, it is the purpose and effect of this provision to preserve the debtor's exemption and thus his fresh start by allowing avoidance of liens in the specific amount of the debtor's exemption.

*Id.* at 725.

 Accordingly, the debtor may avoid UJB's judicial lien to the extent of the $10,000.00 homestead exemption which is impaired by the lien. The balance of the lien will not be avoided, but will be subordinated to the debtor's $10,000.00 homestead exemption under 11 U.S.C. § 510(c) so as not to interfere with such exemption.

### *Dewsnup*

UJB contends that its secured judicial lien may not be divided into secured and unsecured portions and that *Dewsnup v. Timm,* — U.S. —, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) precludes the debtor from avoiding any portion of its lien. This reasoning completely misses the point that *Dewsnup* dealt with a mortgage which a Chapter 7 debtor unsuccessfully sought to strip down pursuant to the valuation scheme delineated in 11 U.S.C. § 506(a). In the instant case, the debtor seeks to avoid a judicial lien rather than obtain a judicial determination pursuant to 11 U.S.C. § 506(a) as to the status of a secured claim. More significantly, the avoidance of judicial liens that impair homestead exemptions is expressly authorized under 11 U.S.C. § 522(f)(1). The Supreme Court in *Dewsnup* did not address lien avoidance under 11 U.S.C. § 522(f)(1), nor is there anything in that case which precludes a debtor from preserving a homestead exemption by means of judicial lien avoidance pursuant to 11 U.S.C. § 522(f)(1).

### CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(B).

2. UJB's judicial lien of $195,751.69 impairs the debtor's $10,000.00 homestead exemption allowed under New York CPLR 5206(a).

3. The debtor's motion under 11 U.S.C. § 522(f)(1) to avoid UJB's judicial lien to the extent it impairs his $10,000.00 homestead exemption is granted. The balance of UJB's judicial lien in excess of $10,000.00 shall be subordinated to the debtor's $10,000.00 homestead exemption pursuant to 11 U.S.C. § 510(c) so as not to interfere with such exemption.

SETTLE ORDER on notice.