**In re Ralph A. D'AMELIO, Debtor.**

**Bankruptcy No. 92–12038–WCH.**

United States Bankruptcy Court,
D. Massachusetts.

June 10, 1992.

---

Charles P. Buckley, Easton, Mass., for Farley.

Maurice Mason, Jr., Lowell, Mass., for Demerjian.

Keith Mitchell, Burlington, Vt., for debtor.

**DECISION REGARDING MOTION
TO AVOID JUDICIAL LIENS**

WILLIAM C. HILLMAN, Bankruptcy Judge.

The Debtor, Ralph A. D'Amelio ("Debtor") filed a petition for relief under Chapter

7 of the United States Bankruptcy Code on March 3, 1992. He and his non-debtor spouse own a house as tenants by the entirety. There are two outstanding mortgages on the property and a number of judicial liens which, in the aggregate, exceed the scheduled value of the property.

Debtor claimed exemptions for the house under 11 U.S.C. §§ 522(d)(1) and (d)(5) aggregating $7,900. As there is no equity in the property otherwise available to satisfy the exemptions, he filed a motion to avoid judicial liens pursuant to 11 U.S.C. § 522(f). Two judicial lien creditors objected.

■ Creditors Robert and Kathleen Farley ("Farley"), object on the grounds that the underlying debt out of which their judicial lien arose is nondischargeable pursuant to 11 U.S.C. § 523(a)(2)(A). Farley received a default judgment in an action against Debtor in state court which included allegations of fraud. After an assessment of damages hearing Farley received judgment and an execution was levied upon Debtor's real estate. No complaint objecting to the dischargeability of debt has been filed. Even if one were and the Court determined that the debt was nondischargeable, a debtor may avoid a lien resulting from the underlying debt if it impairs an exemption. *Ewiak v. Ebner (In re Ewiak),* 75 B.R. 211 (Bankr. W.D.Penn.1987).[1] The objection is overruled.

The second objecting creditors, Thomas Demerjian and Maryanne Demerjian filed an objection without offering the grounds. At the hearing on the motion they also argued that the lien was not avoidable because the underlying debt was nondischargeable. The Demerjians have not filed a dischargeability complaint. For the reasons set forth above the Court overrules this objection also.

■ Debtor seeks to avoid the judicial liens based upon 11 U.S.C. § 522(f). That statute provides in part:

[T]he debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption ... if such lien is—

(1) a judicial lien;

The property has a value of $154,000.00.[2] The first mortgage is $86,829.36 and the second is $28,453.07. Subtracting the two mortgages from the value, the equity in the house before consideration of the judicial liens is $38,717.57. Debtor then divides that number in one half to arrive at his interest in the property.[3] The following judicial liens exist on Debtor's interest in the property:

1) Capobianco: $491.25
2) Lonestar: $2,539.08
3) Farley: $26,405.25
4) Grossman: $522.41
5) Demerjian: $21,696.02

In his motion, Debtor first deducts his claimed $7,900.00 exemption from the equity. He then subtracts the first two judicial liens, bringing the balance down to $8,428.46. Debtor asserts that the Farley lien should remain preserved in the amount of the remaining equity and avoided in the amount of $17,976.79, and that the Grossman and Demerjian liens be avoided completely.

Debtor argues that after carving out the exemption, any amount of a lien which exceeds the remaining equity must be avoided. There are cases that so hold. *In re Herman,* 120 B.R. 127 (9th Cir.BAP 1990); *In re Magosin,* 75 B.R. 545 (Bankr. E.D.Pa.1987); *In re Princiotta,* 49 B.R. 447 (Bankr.D.Mass.1985).

There is a contrary line of cases, including *In re Prestegaard,* 139 B.R. 117, 119–20 (Bankr.S.D.N.Y.1992); *In re Chabot,* 131 B.R. 720 (C.D.Cal.1991); and *In re*

---

**1.** As the Court pointed out in *Ewiak,* the effect of such a finding is that the creditor is only precluded from executing on the exempted property.

**2.** The Court accepts the appraisal Debtor offered as no parties filed an objection.

**3.** The Court is not convinced that this is the proper method to arrive at Debtor's equity but because no party objected the Court will accept the value for the purpose of this motion.

*Sanglier,* 124 B.R. 511 (Bankr.E.D.Mich. 1991), which hold that § 522 does not authorize the avoidance of any portion of a judicial lien to the extent that it exceeds the amount by which the debtor's exemption is impaired.

*In re Sanglier, supra,* is illustrative. Debtor reduced the amount of the mortgage from the value of the house. From that equity figure, he subtracted the amount of the exemption. The balance, the debtor claimed, was the remaining valid lien.[4]

The court decided instead that the proper value of the surviving lien was realized by subtracting the claimed exemption from the amount of the lien. The remaining amount was the valid lien even though it exceeded the remaining equity in the house. The court pointed out that this result would allow the creditor realize on any appreciation in equity.[5]

The Fourth Circuit Court of Appeals recently cited the *Sanglier* decision with approval. It decided, "only that part of a lien which actually interferes with the debtor's homestead exemption may be avoided". *Wachovia Bank And Trust v. Opperman (In re Opperman),* 943 F.2d 441, 444 (4th Cir.1991).

Essentially, these cases arrive at this conclusion based upon what the courts regarded as the plain meaning of the statute. *In re Prestegaard, supra; In re Sanglier, supra.; In re Cerniglia,* 137 B.R. 722 (Bankr.S.D.Ill.1992). The *Cerniglia* court also looked to the recent decision of *Dewsnup v. Timm,* — U.S. —, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992) for support. Referring to the Supreme Court's holding that liens on real property pass through bankruptcy unaffected, it stated:

> Applying the principles enunciated in *Dewsnup,* it is clear that a judicial lien may not be avoided under § 522(f)(1) merely because the lien is unsecured and remains as a charge against property. Section 522(f)(1) gives the debtor only a limited power to avoid liens in order to preserve his exemption. This power may not be expanded to allow avoidance of the unsecured portion of the lien that would otherwise survive the debtor's discharge. To so interpret § 522(f)(1) would be to grant the debtor not merely the benefit of his exemption in the homestead property but also all the benefits of ownership beyond the exemption amount ... The continued existence of the unsecured or excess portion of the lien on property in which the homestead exemption is claimed, while constituting a cloud on title, does not thereby impair the debtor's exemption or even his fresh start.

*Cerniglia,* 137 B.R. at 725.

The Court finds this latter group of cases to be more persuasive and true to the statute. It agrees that non-consensual liens should survive the bankruptcy. It will, however, take the analysis one step further.

The Court views the issue as one of priority. In other words, it must determine in what place along the spectrum of consensual and non-consensual liens lies a debtor's exemption. The exemption must fall in place after the consensual liens but before the judicial liens in order to have value. In this manner, the judicial liens do not impair the exemption and these lienholders will benefit from any appreciation in the property. Under this analysis no judicial liens need be declared completely or partially void; to avoid can be to go around as well as declare a nullity. To rule otherwise would fix Debtor's exemption at its statutory amount plus any subsequent improvement in the value of the property.

Debtor's motion to avoid the judicial liens is denied. The Court finds that Debtor's claimed exemption of $7,900 has priority over the judicial liens. The Court will issue a separate order reflecting that conclusion in form satisfactory for recording in the land records.

---

**4.** This is essentially what Debtor did in this case.

**5.** *Accord, In re Cerniglia,* 137 B.R. 722, 724 (Bankr.S.D.Ill.1992).