In re Paul A. BELLENOIT, Debtor.

Paul A. BELLENOIT, Plaintiff,

v.

AVCO LEASING SERVICES, Baynes Electric Supply Co., Inc., City Hall Electric Supply, Inc., Electronic Specialty and Supply Corp., and Internal Revenue Service, Defendants.

Bankruptcy No. 91–19135–CJK.
Adv. No. A92–1053.

United States Bankruptcy Court,
D. Massachusetts.

Dec. 11, 1992.

---

Richard G. McKenzie, for plaintiff.

Andrew D. Cummings, for Baynes Avco Leasing Services.

Jack J. Furnam, for City Hall Elec.

Mark Lindner, for Electronic Specialty & Supply Corp.

Gary S. Gross, Asst. U.S. Atty., for I.R.S.

Joseph Braunstein, Chapter 7 Trustee.

## MEMORANDUM OF DECISION AND ORDER ON MOTION OF BAYNES ELECTRIC SUPPLY COMPANY FOR SUMMARY JUDGMENT

CAROL J. KENNER, Bankruptcy Judge.

This adversary proceeding is before the Court on the motion of Defendant Baynes Electric Supply Co., Inc. ("Baynes"), for summary judgment, to which the Plaintiff and Debtor, Paul A. Bellenoit ("Debtor"), has not responded. By his complaint in this adversary proceeding, the Debtor seeks, pursuant to 11 U.S.C. § 522(f), to avoid the Defendants' liens, including Baynes's writ of attachment, against the Debtor's real property at 131 Rindge Street, Weymouth, Massachusetts, to the extent that it impairs the exemption to which he is entitled under 11 U.S.C. § 522(d)(1,5).[1]

For purposes of this motion, Baynes accepts the Debtor's allegations that the property's value is $285,200.00; that the Debtor owns the property with his wife as tenants-by-the-entirety; and that the property is encumbered by the following liens in the following amounts and order of priority:[2]

| | Lienholder | Lien | Amount |
|---|---|---|---|
| 1. | Rockland Trust | Mortgage | $268,000 |
| 2. | Avco Leasing | Judicial Lien | 3,800 |
| 3. | Baynes | Judicial Lien | 600,000 |
| 4. | City Hall Electrical | Judicial Lien | 60,000 |
| 5. | Electronic Specialty | Judicial Lien | 60,000 |
| 6. | Internal Revenue Service | Statutory Lien | 180,360 |

---

1. The Debtor has voluntarily dismissed the complaint as against the Internal Revenue Service, and the Debtor's motion for default judgment has been allowed against Defendants Avco Leasing Services, City Hall Electrical Supply, Inc., and Electronic Specialty & Supply Corp.

2. Baynes has not submitted affidavits or other evidence. In essence, Baynes is arguing that the complaint fails to state a claim on which relief can be granted.

If the property were liquidated at its current value without reduction for liquidation costs, only $17,200 would remain after payment of the Rockland Trust mortgage. Because the Debtor's wife has a one-half interest in the property, the Debtor could at most claim as his own only half of this, $8,600, which indeed is what he states is "the Debtor's equity."[3] (Complaint, ¶ 22) However, the property may appreciate in value before it is liquidated, and the amounts of the liens may decrease before the property is liquidated, so the amount at issue here is potentially more than $8,600.

■ Baynes makes two arguments in support of its motion for summary judgment. Baynes first argues that § 522(f) permits the Debtor to avoid liens only to the extent that the liens impair the Debtor's exemption. Therefore, the Debtor cannot impair more than $7,900 of Baynes's $600,000 lien. The Debtor does not challenge this argument. His complaint asks only that the judicial liens be avoided "to the extent they impair the Debtor's real estate exemption." And § 522(f) is clear on this point. It permits the Debtor to avoid the fixing of a lien "to the extent that such lien impairs an exemption." 11 U.S.C. § 522(f). This Court agrees with the position taken by Judge Hillman in *In re D'Amelio,* 142 B.R. 8, 10 (Bankr.D.Mass. 1992): § 522(f) does not authorize the avoidance of the portion of a judicial lien that exceeds the amount by which the debtor's exemption is impaired, even where the equity in the property is insufficient to secure in full the lienholder's claim. Therefore, the Debtor may not avoid the judicial liens in full, but only, in the aggregate, to the extent of $7,900.

However, this conclusion falls short of resolving the issue of which, if any, of the four challenged judicial liens impairs the

Debtor's exemption and should be avoided. The Debtor does not address this issue. He leaves for the Court the problem of determining how the various liens must be avoided and rearranged to make room for his exemption. The Bankruptcy Code gives no instruction on this issue.

Baynes's addresses this issue in its second argument, which focusses on the fact that the first and sixth liens are unavoidable and together exceed the value of the property. Baynes argues that where the property is encumbered by unavoidable liens whose aggregate value exceeds the value of the property, the challenged judicial liens do not impair the exemption—and therefore cannot be avoided—because, after subtraction of the value of the unavoidable liens from the total value of the property, there is no equity to impair. And this is true even where the challenged judicial liens are senior to the unavoidable liens.

The Court disagrees with Baynes's argument. It matters whether the unavoidable liens are senior or junior to the avoidable liens. The Court finds it easiest to explain this, and the theory of impairment and avoidance that underlies the explanation, through a series of hypotheticals.

■ In the simplest hypothetical, property valued at $100,000 is encumbered by two liens, a unavoidable first-position mortgage for $90,000, and an avoidable second-position judicial lien for $10,000; and the Debtor claims an exemption of $7,900. The avoidable lien fully impairs the value of the exemption and therefore may be avoided to the extent of $7,900, the extent that it impairs the value of the exemption. Therefore, the resulting order of priority is as follows:

| | | |
|---|---|---|
| 1. | Mortgagee | $90,000 |
| 2. | Judicial Lien | 2,100 |
| 3. | Debtor | 7,900 |
| 4. | Judicial Lien | 7,900 |

**3.** In the complaint, it is not clear whether the Debtor is claiming this amount as exempt or merely stating that this is the equity from which his exemption may be taken. Only the latter would be consistent with the Bankruptcy Code. Under 11 U.S.C. § 522(d)(1) and (5), the Debtor is entitled to exempt an aggregate interest in the real property of no more than $7,900 in value: $7,500 under paragraph (d)(1), and an additional $400 under paragraph (d)(5). On the Schedule of Property Claimed as Exempt that the Debtor filed in his bankruptcy case, the Debtor claims an exemption in the amount of $7,900.

This reordering illustrates two principles of lien avoidance under § 522(f). First, the Debtor's exemption is deemed to be impaired by the lien or liens (or the portions thereof) that consume the *last* $7,900 of equity in the property. Only those liens impair the exemption. Therefore, the first $2,100 of the judicial lien in this hypothetical does not impair the Debtor's exemption and may not be avoided. It is left undisturbed; and, in effect, the lien is split to make room for the Debtor's exemption. Second, to the extent that the judicial lien impairs the exemption, § 522(f) requires not that the lien be voided but merely that it be displaced. *In re D'Amelio*, 142 B.R. at 10.

> In this manner, the judicial liens do not impair the exemption and these lienholders will benefit from any appreciation in the property. Under this analysis, no judicial liens need be declared completely or partially void; to avoid can be to go around as well as declare a nullity. To rule otherwise would fix Debtor's exemption at its statutory amount plus any subsequent improvement in the value of the property.

*Id.* Therefore, the Court avoids the portion of the judicial lien that impairs the Debtor's exemption, not by declaring it a nullity, but by subordinating it to the exemption.[4]

These principles would suffice to address a second hypothetical, wherein the property has a value of $200,000, an unavoidable first-position mortgage and three junior and avoidable judicial liens in the following amounts and order of priority:

| | | |
|---|---|---|
| 1. | Mortgagee | $180,000 |
| 2. | Judicial Lien #1 | 10,000 |
| 3. | Judicial Lien #2 | 20,000 |
| 4. | Judicial Lien #3 | 20,000 |

A debtor claiming a $7,900 exemption and seeking avoidance under § 522(f) would effect the following rearrangement:

| | | |
|---|---|---|
| 1. | Mortgagee | $180,000 |
| 2. | Judicial Lien #1 | 10,000 |
| 3. | Judicial Lien #2 | 2,100 |
| 4. | Debtor | 7,900 |
| 5. | Judicial Lien #2 | 17,900 |
| 6. | Judicial Lien #3 | 20,000 |

Here again, lien displacement begins only with the lien that consumes the last $7,900 of equity in the property, and the debtor's exemption only displaces the liens (and portions of liens) junior to it. It does not nullify them.

This hypothetical also illustrates that the combined effect of these principles is, as it should be, to preserve the benefits of priority among lienholders by shifting the burden of lien avoidance to the more junior lienholders. Thus, in this hypothetical, Judicial Lien # 1 is not subordinated to the Debtor's exemption, but the junior liens are. And Judicial Lienholder # 2 will benefit from appreciation in the property before Judicial Lienholder # 3. Lienholder priority would not be respected if avoidance were construed as nullification instead of as circumvention or displacement, and if the Debtor's exemption were deemed to be impaired by the *first* avoidable lien or liens (or portions thereof) that consumed equity in the property. If that were the case, senior liens would be nullified (to the extent that they impaired the exemption) and would have no chance of benefitting from appreciation in the property, while junior liens would be unaffected.

The present case is a complication of the second hypothetical. As in the second hypothetical, it involves an unavoidable first-position mortgage, followed by several avoidable judicial liens. However, in this

---

**4.** As Judge Hillman explains in *D'Amelio*, citing *In re Cerniglia*, 137 B.R. 722, 725 (Bankr.S.D.Ill. 1992), this understanding of avoidance as circumvention instead of nullification is required by the Supreme Court's recent holding in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992), that liens on real property pass through bankruptcy unaffected. *In re D'Amelio*, 142 B.R. at 10.

"Applying the principles enunciated in *Dewsnup*, it is clear that a judicial lien may not be avoided under § 522(f)(1) merely because the lien is unsecured and remains as a charge against property. Section 522(f)(1) gives the debtor only a limited power to avoid liens in order to preserve his exemption. This power may not be expanded to allow avoidance of the unsecured portion of the lien that would otherwise survive the debtor's discharge." *Cerniglia*, 137 B.R. at 725.

*In re D'Amelio*, 142 B.R. at 10.

case, the four judicial liens are followed by another unavoidable lien, the statutory tax lien held by the IRS. This last lien, being unavoidable, must be left unaffected. That is, the rearrangement effected by the Debtor's motion to avoid under § 522(f) must leave the tax lien unimpaired, in no worse position than it was before the lien avoidance.[5]

This does not mean, as Baynes argues, that the IRS lien will advance in position to occupy the places of whichever judicial liens are avoided. Baynes argues that the judicial liens should not be deemed to impair the Debtor's exemption because, even if all the judicial liens are completely nullified, the unavoidable liens will consume the entire value of the property; therefore, the judicial liens do not impair an exemption to which the Debtor would otherwise be entitled. Baynes relies on the Supreme Court's decision in *Owen v. Owen*, — U.S. ——, ——–——, 111 S.Ct. 1833, 1836–1837, 114 L.Ed.2d 350 (1991), which held that a lien is deemed to impair an exemption only if avoidance of the lien would enable the Debtor to recover an exemption.

Baynes correctly states the holding in *Owen*, but Baynes is wrong in arguing that the avoidance of judicial liens permits a junior unavoidable lien to advance in position and to take value to which it would not otherwise be entitled. An unavoidable lien cannot be impaired, but neither should § 522(f) be construed as creating a windfall for holders of junior unavoidable liens. To the contrary, the Bankruptcy Code expressly states that the value of a lien avoided under § 522(f) is preserved for the benefit of the debtor. 11 U.S.C. § 522(i)(2).[6] The value of the avoided lien does not inure to the benefit of a junior lienholder, even if the lien in question cannot be avoided.

Therefore, the Court finds that Baynes's lien and the judicial liens junior to it do impair the Debtor's exemption. Under the facts alleged by the Debtor and accepted by Baynes as true for purposes of this motion, the Debtor would be entitled to avoid the impairing liens, and the avoidance of those liens would reorder the claims against the property as follows:[7]

| | Lienholder | Lien | Amount |
|---|---|---|---|
| 1. | Rockland Trust | Mortgage | $268,000 |
| 2. | Avco Leasing | Judicial Lien | 3,800 |
| 3. | Baynes | Judicial Lien | 5,500 |
| 4. | Debtor | Exemption | 7,900 |
| 5. | Baynes | Judicial Lien | 594,500 |
| 6. | City Hall Electrical | Judicial Lien | 60,000 |
| 7. | Electronic Specialty | Judicial Lien | 52,100 |
| 8. | Internal Revenue Service | Statutory Lien | 180,360 |
| 9. | Electronic Specialty | Judicial Lien | 7,900 |

This reordering adheres to the principles set forth above. Lien avoidance begins only with the lien (or portion thereof) that consumes the last $7,900 of equity in the property, which, in this instance, is a portion of Baynes's lien. The liens (and portions of liens) that impair the Debtor's exemption are avoided by displacement—by being subordinated to the Debtor's exemp-

**5.** Given the present value of the property and the sizes of the liens senior to it, it is unlikely—barring a major archeological find or the discovery of oil—that this property will appreciate in value enough to provide even a minimal return to the IRS.

**6.** Section 522(i)(2) states, in relevant part:
Notwithstanding section 551 of this title, a transfer avoided ... under subsection (f) or

(h) of this section ... may be preserved for the benefit of the debtor to the extent that the debtor may exempt such property ... under paragraph 1 of this subsection.
11 U.S.C. § 522(f).

**7.** These claims are against the Debtor's interest in the property; the Debtor's wife is not a party to this proceeding, so her rights in the property cannot be adjudicated here.

tion—not by being nullified. The avoided liens, to the extent they are avoided, are preserved for the benefit of the Debtor. And, with one exception, priority among lien claimants is preserved.

The only exception to this last principle is that the Electronic Specialty lien must be bifurcated and a portion of that lien subordinated to the IRS lien. This is because the IRS lien, being unavoidable, must be left unaffected and in no worse position after the lien avoidance than it was before. Accordingly, the IRS lien remains subordinate to senior claims against the property in the same dollar amount as was the case before lien avoidance.

For these reasons, Baynes has not shown that it is entitled to judgment as a matter of law. Rather, Baynes's motion for summary judgment must be denied.

### ORDER

Accordingly, the Motion of Baynes Electric Supply Co., Inc., for Summary Judgment is hereby DENIED.