**In re Peter J. DONAHUE, Debtor.**

**Bankruptcy No. 92–12725–CJK.**

United States Bankruptcy Court,
D. Massachusetts.

Feb. 18, 1997.

Walter A. Galas, Jr., Hingham, MA, for Debtor.

---

James C. Gross, Boston, MA, for International Business Interiors, Inc.

Frank Cadigan, Franklin, MA, for Federal Deposit Insurance Corporation, as successor in interest to Boston Trade Bank.

## MEMORANDUM OF DECISION ON DEBTOR'S MOTION TO AVOID JUDICIAL LIENS

CAROL J. KENNER, Chief Judge.

The Debtor has moved to avoid two judicial liens that impair the exemption he has claimed for his interest, as one of four tenants in common (the other three being his wife and his parents), in certain real property. The senior of the two lien holders, International Business Interiors, Inc. ("IBI"), has objected.[1] Conceding that its lien impairs the Debtor's exemption, IBI argues that the Court should not therefore avoid the lien in its entirety but instead should follow its decision in *Bellenoit v. Avco Leasing Services*, 157 B.R. 185 (Bankr.D.Mass.1992). In that case, the Court held: "to the extent the judicial lien impairs the exemption, § 522(f) requires not that the lien be voided but merely that it be displaced." *Id.* at 188. Under this theory, § 522(f) requires only that the portion of the lien that impairs the exemption be subordinated to the exemption its impairs. *Id.* The Debtor disagrees, arguing that, when Congress amended § 522(f) in 1994, it thereby clarified the requirements of that section and, in doing so, made evident that *Bellenoit* had misconstrued that subsection. IBI responds that the Court must apply § 522(f) as it existed when this case was commenced in 1992, not after the 1994 amendment.

 The Court agrees that it must apply the law as it existed in 1992. However, in construing the law as it existed in 1992, the Court may and should consider subsequent legislative history that illuminates its meaning and legislative intent. In this instance, the legislative history shows that Congress intended by the 1994 amendment not to modify but merely to *clarify* the prior version of subsection 522(f). Therefore, despite its holding in *Bellenoit*, this Court now holds that the pre-amendment version of § 522(f) requires that, to the extent that a judicial lien impairs an exemption to which the Debtor would otherwise be entitled, the lien must be avoided, not merely subordinated.

 In this case, the property had a value at the time of the filing in the amount of $130,700 and was subject to a first-position mortgage in the amount of $67,000, leaving equity in the property for the four tenants in common of $63,700. Of this amount, $60,000 belonged to the Debtor's parents (as they had supplied the $60,000 down payment on the property), leaving equity of $3,700.00, of which the Debtor's share was half, or $1,850.00.[2] The Debtor claimed an exemption in his interest in the property in the total amount of $7,900.00, which exceeds the equity available to fund it, even before accounting for the two judicial liens that the Debtor now seeks to avoid: IBI's attachment, in the amount of $89,844.64; and the attachment held by the FDIC as successor in interest to Boston Trade Bank, in the amount of $414,275.06. Therefore, the liens on the Debtor's interest in the property must be avoided in their entirety.[3]

---

1. The junior lien is held by the Federal Deposit Insurance Corporation, as successor in interest to Boston Trade Bank ("FDIC"), which has filed no opposition to the motion.

2. The facts recited here are those recited by the Debtor. IBI has not disputed the Debtor's allegations as to value, equity, and the extent of impairment and has defended solely on the argument that the Court should follow *Bellenoit*.

3. The evidence does not indicate whether the liens also attach to the other tenants' interests in the property. The order of avoidance will avoid the liens only insofar as they attach to the Debtor's interest and will not affect the liens insofar as they attach to the other tenants' interests in the property. Those interests do not belong to the Debtor and are not protected by his exemption.