**In re Timothy L. BARROW, Debbie J. Barrow, Debtors.**

**Timothy L. BARROW, Debbie J. Barrow, Plaintiffs,**

**v.**

**CERTIFIED DEVELOPERS & MANAGEMENT CO., Defendant.**

**No. B88–00568–Y.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 26, 1989.

James A. Vitullo, Youngstown, Ohio, for plaintiffs/debtors.

Alfred J. Fleming, Youngstown, Ohio, for defendant.

Robert P. Safos, Warren, Ohio, trustee.

Conrad J. Morgenstern, Cleveland, Ohio, U.S. Trustee.

## ORDER

WILLIAM T. BODOH, Bankruptcy Judge.

This cause came before the Court on the adversary complaint filed by the Debtors in which they seek to avoid a judgment lien pursuant to 11 U.S.C. Sec. 522(f)(1).

In 1977, the Debtors purchased the real property located at 1443 Pepperwood Drive, Niles, Ohio, for Forty–Eight Thousand & 00/100 Dollars ($48,000.00). In May 1985, the property sustained damage from a tornado. In February 1988, a fire damaged the interior of the home. The Debtors received insurance proceeds of Eighty Thousand & 00/100 Dollars ($80,-000.00) for the damage caused by the fire—all of which was expended upon repair of the home. On February 9, 1988, CERTI-FIED DEVELOPERS & MANAGEMENT CO. ("CDM") obtained a default judgment against the Debtors in the amount of Eleven Thousand, Eight Hundred Four & 00/100 Dollars ($11,804.00), plus interest.

On March 24, 1988, CDM filed a Certificate of Judgment for a lien against the Debtors' residential property. The Debtors filed a petition for relief under Chapter 7 of Title 11 of the United States Code on April 29, 1988. At the time of the filing, the Debtors' residential real property was encumbered by a first mortgage in the amount of Twenty–Nine Thousand, Three Hundred Forty–Seven & 64/100 Dollars ($29,347.64) and a second mortgage in the amount of Twenty–Nine Thousand, Four Hundred Forty–Seven & 76/100 Dollars ($29,447.76). The Debtors assert that they are entitled to a Ten Thousand & 00/100 Dollar ($10,-000.00) homestead exemption pursuant to Ohio Revised Code Sec. 2329.66(A)(1). As a result, the Debtors assert that they are entitled to avoid CDM's judgment lien by virtue of 11 U.S.C. Sec. 522(f)(1). Apparently, CDM only disputes the Debtors' proposed property valuation of Sixty–Five Thousand & 00/100 Dollars ($65,000.00). Therefore, the sole issue before the Court is the valuation to be accorded the Debtors' residential real property.

Mrs. Barrow testified that she believed the property presently was worth a fair market value of Sixty–Five Thousand & 00/100 Dollars ($65,000.00). She based her opinion on a number of factors. First, a somewhat larger house next door, which had also sustained damage from the 1985 tornado, was sold for between Sixty Thousand & Seventy Thousand & 00/100 Dollars ($60,000.00–$70,000.00) after remaining on the market for about three years. Before the petition filing date, the Debtors listed their home on the market for Sixty Thousand & 00/100 Dollars ($60,000.00) for a period of six months, but they received no offers. Although the Debtors believe their property was worth Sixty Thousand & 00/100 Dollars ($60,000.00) before the fire, they now believe the property is worth Sixty–Five Thousand & 00/100 Dollars ($65,000.00).

Counsel for CDM did not present any evidence demonstrating a higher fair market value appraisal of the property. However, CDM contends that the Debtors should not be allowed to claim a value of

Sixty–Five Thousand & 00/100 Dollars ($65,000.00) when they received fire insurance proceeds of approximately Eighty Thousand & 00/100 Dollars ($80,000.00). Thus, the question before the Court is whether to utilize a fair market value or a replacement value when determining whether the Debtors are entitled to avoid a judicial lien pursuant to Sec. 522(f). The Court believes the resolution of this dispute is obvious. Fair market value should usually be the preferred mode of valuation. Replacement value indicates the amount it would cost to either build or refurbish a structure utilizing the present cost of both labor and materials. Fair market value is what a willing buyer would pay a willing seller. The replacement cost of a structure rarely is correlative to the fair market value. The homestead exemption statute in Ohio was intended to contribute to a debtor's fresh start and allow them some equity in their residential property. Use of a replacement value would essentially emasculate the exemption by requiring use of a fictitious value, which the Debtors could never realize upon resale. For the preceding reasons, the Court sustains the Debtors' complaint. CDM's lien is hereby avoided.

IT IS SO ORDERED.