**In re Fred BOSWELL, Debtor.**

**Bankruptcy No. B92–13030.**

United States Bankruptcy Court,
N.D. Ohio.

Dec. 3, 1992.

**32**

Sheldon Stein, Cleveland, OH, for debtor.

Michael S. Tucker, Weltman, Weinberg & Associates Co., L.P.A., Cleveland, OH, for Society Nat. Bank.

## MEMORANDUM OF OPINION

DAVID F. SNOW, Bankruptcy Judge.

The Debtor filed a motion in this chapter 13 case to avoid a judicial lien on his home held by Society National Bank. The Bank has objected on the ground that the Debtor may not invoke the homestead exemption to avoid a judicial lien where the Debtor will continue to own and occupy the home pursuant to his chapter 13 plan. According to the parties' pleadings and briefs the fair market value of the home is about equal to the $17,000 balance of the mortgage on the home and the Bank's judgment lien, which exceeds $18,000. The Debtor's plan provides that the Bank will be paid a secured claim of nearly $13,000—the value of its lien less the $5,000 homestead exemption. If the Debtor's motion is granted, the Bank will receive nothing on the $5,000 balance of its claim since the Debtor's plan provides nothing for unsecured creditors.

The Court has jurisdiction of this motion pursuant to 28 U.S.C. § 1334 and general orders of the United States District Court for the Northern District of Ohio. This is a core proceeding under 28 U.S.C. §§ 157(b)(2)(B) and (K).

The applicable exemption is provided by Ohio law, not the Bankruptcy Code. Section 522 of the Code permits states to opt-out of the federal exemptions provided in section 522(d) of the Code so that state exemptions are applicable under section 522(b) of the Code. Ohio has elected to opt-out. Section 2329.66(A)(1) of the Ohio Revised Code embodies Ohio's homestead exemption. It provides:

> Every person who is domiciled in this state may hold property exempt from *execution, garnishment, attachment, or sale* to satisfy a judgment or order, as follows:
>
>> (1) The person's interest, not to exceed five thousand dollars, in one parcel or item of real or personal property that the person or a dependent of the person uses as a residence ...

(emphasis added). Debtor argues that he is entitled to the benefit of this $5,000 exemption under the terms of section 522(f) of the Bankruptcy Code which provides:

> Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
>
>> (1) a judicial lien; or
>>
>> (2) a nonpossessory, nonpurchase-money security interest in any [described personal property].

There is no dispute but what the property in question is Debtor's residence. The sole question is whether the italicized language in section 2329.66(A)(1) of the Ohio Revised Code precludes Debtor from invoking the exemption where, as here, there is no pending "execution, garnishment, attachment, or sale." In 1989 the Sixth Circuit Court of Appeals held in a chapter 13 case on facts not distinguishable from the present that the quoted language made the exemption inapplicable to a chapter 13 plan. *Ford Motor Credit Corp. v. Dixon (In re Dixon)*, 885 F.2d 327 (6th Cir.1989). Until the Supreme Court's recent decision in *Owen v. Owen*, —— U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991), *Dixon* had settled this issue in this circuit. The question is whether *Owen* implicitly overrules *Dixon*. If it does, this Court, as well as the Sixth Circuit Court of Appeals, is constrained to follow *Owen*.

Two bankruptcy cases from the Sixth Circuit have held that *Owen* does overrule *Dixon*. *In re Moreland*, 142 B.R. 221 (Bankr.S.D.Ohio 1992); *In re Conyers*, 129 B.R. 470 (Bankr.E.D.Ky.1991). One case declined to draw this conclusion. "This court does not read *Owen, supra*, to overrule *Dixon* and, accordingly, presumes *Dixon* to be the applicable precedent until the Sixth Circuit or the United States Supreme Court decides otherwise." *In re Bursee*, 142 B.R. 167, 169 (Bankr.N.D.Ohio 1992). This Court shares the view that *Dixon* must be followed if there is any plausible basis to reconcile it with *Owen*.

*Owen* was a chapter 7 case in which the debtor attempted to claim the benefit of Florida's homestead exemption to avoid a judgment lien on a condominium he acquired before Florida law was changed to make its homestead exemption applicable to condominiums. Under Florida case law, the Florida exemption was not available to the debtor because the judgment lien had attached to his condominium before it became homestead property. In light of this, the bankruptcy court, the district court and the Eleventh Circuit Court of Appeals all held that the debtor could not use the exemption to avoid the lien under section 522(f) of the Bankruptcy Code. Florida, like Ohio, is an opt-out state. The lower federal courts held, in effect, that Florida's determination that the exemption was unavailable was binding for purposes of section 522(f).

The Supreme Court reversed. It held that the debtor might employ the Florida homestead exemption to avoid the judgment lien under section 522(f) despite Florida's restriction. It noted that section 522(f) voided waivers of exemptions even if the waivers were effective under state law and held that the employment of an exemption under section 522(f) despite state law limitations was not inconsistent with the opt-out policy in section 522.

Just as it is not inconsistent with the policy of permitting state-defined exemptions to have another policy disfavoring waiver of exemptions, whether federal or state-created; so also it is not inconsistent to have a policy disfavoring the im-

pingement of certain types of liens upon exemptions, whether federal or state-created.

— U.S. at ——, 111 S.Ct. at 1838.

In its analysis the Court pointed out that it was the uniform practice in the lower federal courts in applying the federal exemptions in section 522(d) to deduct the lien or security interest to be avoided under section 522(f) in valuing the debtor's interest in exempt property. The Court held that this same treatment should be accorded state created exemptions notwithstanding state law to the contrary.

We have no doubt, then, that the lower courts' unanimously agreed-upon manner of applying § 522(f) to federal exemptions—ask first whether avoiding the lien would entitle the debtor to an exemption, and if it would, then avoid and recover the lien—is correct. The question then becomes whether a different interpretation should be adopted for State exemptions. We do not see how that could be possible. Nothing in the text of § 522(f) remotely justifies treating the two categories of exemptions differently. The provision refers to the impairment of "exemption[s] to which the debtor would have been entitled under subsection (b)," and that includes federal exemptions and state exemptions alike.

— U.S. at —— – ——, 111 S.Ct. at 1837–38 (footnote omitted).

Avoiding the lien here would free up equity in the home to which the Debtor's exemption could attach. The fact that under Ohio law that exemption would be available only in the event of sale or the exercise of another remedial right specified in section 2329.66(A)(1) is not controlling according to *Owen*. This Court can discern no principle on which the Ohio qualification on availability of its exemption can be sustained if Florida's limitation on its exemption is vitiated.

The Sixth Circuit Court of Appeals has consistently held that state law, not federal law, determines the scope and extent of state exemptions for purposes of avoiding liens or security interests under section

522(f). In 1984 the Sixth Circuit held the debtor could not avoid an Ohio nonpossessory, nonpurchase money security interest under section 522(f) because under state law the exemption applied only to the debtor's interest after deducting liens and security interests. *Pine v. Credit Thrift of America, Inc. (In re Pine)*, 717 F.2d 281 (6th Cir.1983); *In re Spears*, 744 F.2d 1225 (6th Cir.1984). The result in these cases is clearly at odds with *Owen's* requirement that state and federal exemptions be treated uniformly for purposes of section 522(f). ―― U.S. at ――, n. 1, 111 S.Ct. at 1836, n. 1. *In re Pine* was one of two cases cited by the Supreme Court in *Owen* as embodying the approach to section 522(f) the Court rejected. So far as appears, courts applying section 522(f) to security interests or liens in personal property have without exception held that *Owen* overruled *Pine* and *Spears*. *In re Wheeler*, 140 B.R. 446 (Bankr.N.D.Ohio 1992); *In re Puhl*, 136 B.R. 487 (Bankr.N.D.Ohio 1992); *In re Hoefel*, No. 91–52655 (Bankr. N.D.Ohio January 3, 1992); *In re Sullins*, 135 B.R. 288 (Bankr.S.D.Ohio 1991).

The court's decision in *Dixon*, as in *Pine*, was based on the conclusion that state law governs the parameters of state exemptions for all purposes, including application of section 522(f). In *Dixon* the court quoted with approval the following language from *Pine:* "Section 522(f) cannot be utilized independently of section 522(b); the debtors may avoid liens only on that property which the states have declared to be exempt." 885 F.2d at 329.

Ohio exempts property from "execution, garnishment, attachment or sale to satisfy a judgment or order" presumably because these describe the creditors' remedial rights against property of a debtor under Ohio law. If, as *Dixon* holds, this enumeration is interpreted as an inherent limitation on Ohio's homestead exemption, the effect is to prevent section 522(f) from being applied in a bankruptcy reorganization plan where property is retained by the debtor. Had Ohio expressly qualified its homestead exemption to be available in liquidation but not in a bankruptcy reorganization, this limitation would not, in light of

*Owen*, be effective under section 522(f). Whether or not the debtor is entitled to use section 522(f) to employ a state exemption to avoid a lien or security interest under section 522(f) in a chapter 13 plan, rather than a chapter 7 liquidation, appears clearly to be a question of federal bankruptcy law, not of Ohio law.

Except for the quoted language from the Ohio statute, the Bank does not suggest that the Debtor is precluded from asserting the homestead exemption as reflected in his plan. Unlike *Owen* there is no contention here that the Bank's lien did not fix on an interest of the Debtor. See *Owen v. Owen*, 961 F.2d 170 (11th Cir.1992), *petition for cert. filed* (U.S. Oct. 16, 1992).

The one circuit court decision on point supports the Court's conclusion. In a recent opinion the Fourth Circuit in *Wachovia Bank & Trust Co. v. Opperman (In re Opperman)*, 943 F.2d 441 (4th Cir.1991), held that a provision of the North Carolina exemption statute

limiting the homestead exemption to the duration of the debtor's actual residence in that place must not be applied in preference to the avoidance power of section 522(f). Such a lien may be avoided if it impairs the debtor's exemption, either an actual exemption under the state statute or the hypothetical federal exemption where the state has opted out of the federal scheme.

943 F.2d at 443. In conclusion, this Court can discern no interpretation of *Owen* which does not, in effect, overrule *Dixon* and empower the Debtor in this case to avoid the Bank's lien to the extent of his Ohio homestead exemption.

The Court's order in conformity with this opinion is attached.

### ORDER

A memorandum of opinion having been rendered on the Debtor's motion to avoid the judicial lien of Society National Bank,

IT IS ORDERED, ADJUDGED AND DECREED THAT the Debtor's motion to avoid Society National Bank's judicial lien to the extent that it impairs his $5,000

homestead exemption on his residence be, and it hereby is, granted.