**In re Timothy MERSHMAN and Diane Mershman, Debtors.**

**No. 92–30760.**

United States Bankruptcy Court,
N.D. Ohio, W.D.

Aug. 19, 1993.

Randy L. Reeves, Lima, OH, for debtors.

Bruce C. French, Lima, OH, trustee.

Citizens National Bank, Bluffton, OH, Creditor.

Ruth A. Meacham, Toledo, OH, for Citizens Nat. Bank.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This case comes before the Court on the Debtors' Motion to Avoid a Judgment Lien on their residential property by Citizens National Bank (hereafter "Citizens"), and Debtors' Motion to Avoid a Nonconsensual Judgment Lien by Citizens on Debtors' residential and nonresidential properties. Debtors claim that the lien on the residential property impairs their joint homestead exemption under 11 U.S.C. § 522(f), and that the lien on the residential and farmland properties deprive Debtors of their "Fresh Start". Both counsel agreed to Brief the issue of lien avoidance pursuant to 11 U.S.C. §§ 522(f) and 506. The Court has reviewed the written arguments of Counsel, supporting affidavits, and exhibits, as well as the entire record of the case. Based upon that review, and for the following reasons, the Debtors' Motion to Avoid the Judicial Lien on the residential property is hereby Granted. Debtors' Motion to Avoid the Judicial Lien on the farmland property is Denied.

### FACTS

In February 1990, the Debtors obtained a loan from Citizens for their former business, SRM Seeds, Inc. As part of the inducement for the loan, the Debtors mortgaged real property in the amount of One Hundred Fifty-one Thousand Five Hundred Dollars ($151,500.00). The Debtors failed to make scheduled payments on the loan and subsequently in January 1991, Citizens obtained a judgment lien in the amount of Four Hundred Twenty-two Thousand Two Hundred Fifty-four Dollars and 28/100 ($422,254.28) against SRM Seed, the Debtors, and other shareholders. In February 1992, while a foreclosure action was pending against the real property, the Debtors filed the instant Chapter 7 and claimed a joint homestead exemption of Ten Thousand Dollars ($10,000.00). At the time of filing, two (2) parcels of real property were

set forth in the schedules. The first parcel consisted of 1.11 acres situated in the Township of Pleasant, County of Putnam, in the State of Ohio, and serves as the Debtors' residence. The second parcel is 106 acres of farmland situated in the Township of Greensburg, County of Putnam, in the State of Ohio. At the time of filing, the residential property was subject to a claim for back taxes in the amount of Twenty Five Thousand Five Hundred Sixty Dollars and 56/100 ($25,560.56) held by Mid American Bank (hereafter "Mid Am"). The farmland parcel was subject to a first mortgage in the amount of Fifty-four Thousand Nine Hundred Twenty-six Dollars and 30/100 ($54,926.30) held by Ohio Bank and Savings (hereafter "Ohio Bank"), and a second mortgage of Sixty Thousand Five Hundred Fifty-three Dollars and 07/100 ($60,553.07) also held by Ohio Bank. The homestead and farmland properties have been appraised at Thirty-five Thousand Dollars ($35,000.00), and Ninety-eight Thousand Dollars ($98,000.00) respectively.

In March 1992, Debtors filed a Motion to Avoid the Lien held by Citizens on their homestead property on the basis that the lien impaired their joint exemption under 11 U.S.C. Section 522(f). In October 1992, the Court entered a Show Cause Order and granted the Debtors a time extension within which to file the requisite status report pursuant to B.R. 9014. In November 1992, the case was dismissed due to Debtors failure to file the status report. The Debtors filed a second case concerning Debtors' Motion to Avoid the Judicial Lien on the Debtors' residential and farmland properties. The Court instructed both counsel to Brief the issue of lien avoidance under 11 U.S.C. 522(f) and 506. Both issues will be addressed in this Memorandum Opinion and Order.

### LAW

**11 U.S.C. 522 states in relevant part:**

522(b)

[A]n individual Debtor may exempt from property of the estate the property listed in either paragraph (1) or, in the alternative, paragraph (2) of this subsection . . . Such property is—

(1) property that is specified under subsection (d) of this section, unless the State law that is applicable to the Debtor under paragraph (2)(a) of this subsection specifically does not so authorize . . .

522(d)

The following property may be exempted under subsection (b)(1) of this section:

(1) The Debtor's aggregate interest, not to exceed $7,500 in value, in real property or personal property that the Debtor or a dependent of the Debtor uses as a residence . . .

522(f)

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this Section, . . . if such lien is—

(1) a judicial lien . . .

**11 U.S.C. § 506 states in relevant part:**

(a) An allowed claim of the creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the property . . . is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim . . .

(d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void unless—

(1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or

(2) such claim is not an allowed secured claim due only to the failure of any entity to file a proof of such claim under section 501 of this title.

**Ohio Rev.Code § 2329.66 states in relevant part:**

This State specifically does not authorize debtors who are domiciled in this State to exempt the property specified in the

"Bankruptcy Act of 1978," 92 State 2549, 11 U.S.C. § 522(d).

(A) Every person who is domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satisfy a judgment or on order as follows:

(1) The person's interest not to exceed five thousand dollars, on one parcel or item of real or personal property that the person or a dependent of the person uses as a residence.

### DISCUSSION

**I. Lien Avoidance of the Residential Property:**

This Court has jurisdiction to hear this case pursuant to 28 U.S.C. Section 1334. This matter is a core proceeding under 28 U.S.C. Section 157(b)(2)(B)—allowance or disallowance of ... exemptions, and (K)— determination of the validity, extent, or priority of liens.

The issue before the Court is whether the Debtors are entitled to a joint homestead exemption under 11 U.S.C. § 522(f), and if so, is that exemption impaired by Citizens judicial lien. Debtors, in their Motion to Avoid the Judgment Lien on their residential property, claim that they are entitled to a homestead exemption under 11 U.S.C. § 522(f), and that Citizens' lien impairs their exemption and thwarts their "fresh start." In resolving this issue, it is necessary to review the governing statutory language of Section 522(f) which states in relevant part: "the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled ... if such lien is—(1) a judicial lien ..." The parties in this case do not dispute the fact that the lien on the Debtors' property is a "judicial" lien. However Ohio Law must be consulted regarding the question of the homestead exemption. Ohio Rev.Code § 2329.66(A)(1) holds in part:

Every person domiciled in this state may hold property exempt from execution, garnishment, attachment, or sale to satis-

fy a judgment ... the person's interest not to exceed five thousand dollars, in one parcel ... of real or personal property that the person or a dependent of the person uses as a residence.

Pursuant to 11 U.S.C. § 522(b)(1), individual States may "opt out" of the federally structured exemptions or replace the federal scheme with the States' specific compendium of exemptions. Ohio has elected to "opt out" of the federal exemptions and has substituted state imposed limitations regarding Debtor homestead exemptions. The Debtors in the instant case are residents of Ohio, and the property in question is Debtors' primary residence; therefore the applicable law regarding Debtors' entitlement to a homestead exemption is provided by Ohio law, not 11 U.S.C. § 522(d)(1) of the Bankruptcy Code.

A strict reading of the Ohio Code specifically states that the Ohio homestead exemption is effective only upon execution, garnishment, attachment or sale of the residential property. In the instant case the Debtors' residence is subject to a stay and will not be liquidated barring an order by the Court. In keeping with the strict reading of the Ohio Code, the Debtors' residence would have to be subject to liquidation by judicial sale or other form of involuntary execution before Debtors would be entitled to their joint Ohio homestead exemption of Ten Thousand Dollars ($10,000.00) under O.R.C. § 2329.66(A)(1). Additionally, the Debtors would not be allowed to avoid the judicial lien on their residential property because lien avoidance is available only when the lien impairs an exemption to which the Debtors would have been entitled. If the Court determines that the Debtors are not allowed a State homestead exemption pending liquidation of the property, the lien avoidance issue becomes moot.

The Bankruptcy Courts of the Sixth Circuit have opposing views regarding whether a Debtor is entitled to the State homestead exemption in the absence of an involuntary disposition of their residence. Several Courts have ruled that State exemptions are only available upon involuntary

disposition of Debtor's residence. See, *National Deposit Guarantee Corp. v. Peck, (In re Peck)*, 55 B.R. 752 (D.C.Ohio 1985) (absent an attachment or other involuntary disposition of the Debtor's property, the Debtor's exemption is not impaired); *In re Cardwell*, 128 B.R. 427 (Bankr.S.D.Ohio 1991) (absent a judicial sale or other form of involuntary execution of the judicial lien on the debtor's residence cannot be avoided); *Ford Motor Credit Corp. v. Dixon, (In re Dixon)*, 885 F.2d 327 (6th Cir.1989) (a debtor is permitted to avoid a judicial lien pursuant to § 522(f) only when the property affected by the exemption is subject to an "execution, garnishment, attachment, or sale to satisfy a judgment or order"). Courts holding an opposing view include: *In re Boswell*, 148 B.R. 31 (Bankr. N.D.Ohio 1992) (the fact that under Ohio law a homeowner exemption would be available only in the event of sale or other remedial right specified in § 2329.66(A)(1), is not controlling according to *Owen); In re Moreland*, 142 B.R. 221 (Bankr.S.D.Ohio 1992) (once a person files a bankruptcy relief, even though a state has opted out under § 522(b), the provisions of § 522 remain applicable).

■ This Court will follow the holding of *Boswell, supra.* In *Boswell*, the Chapter 13 debtor filed a motion to avoid a judicial lien on his home held by Society National Bank. The bank objected on the ground that the debtor could not invoke his homestead exemption to avoid the lien where the debtor would continue to occupy the home under the Chapter 13 plan. The issue before the *Boswell* Court was whether the language in Section 2329.66(A)(1) prevented the debtor from invoking the exemption as there was no threat of involuntary disposition of the property. The *Boswell* Court relied upon the decision of the United States Supreme Court in *Owen v. Owen*, 500 U.S. ——, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991). In *Owen*, the Court held that "judicial liens could be eliminated under § 522(f) even though the state has defined the exempt property in such a way as to specifically exclude property encumbered by such liens." *Owen*, supra at ——, 111 S.Ct. at 1834, 114 L.Ed.2d at 355. There-

fore, the employment of an exemption under Section 522(f), despite state law limitations, is not inconsistent with the opt out policy defined in Section 522(b)(1). *Boswell* at 33. The fact that the residence of the Debtors in the present case, is not subject to an "execution, garnishment, attachment or judicial sale" is not dispositive of their ability to claim their exemption in light of *Owen* and *Boswell.* Therefore, Debtors' joint state exemption of Ten Thousand Dollars ($10,000.00) is Granted.

■ To determine the extent of an impairment under Section 522(f), an initial determination must be made regarding the fair market value of the property for which an exemption is claimed at the time that the bankruptcy petition was filed. *In re Barrow*, 95 B.R. 502 (Bankr.N.D.Ohio 1989). From this value, the sum of all unavoidable liens and encumbrances, irrespective of priority, are subtracted. *In re Waldman*, 81 B.R. 313 (Bankr.E.D.Pa. 1987). If the resultant figure is zero (0), or a negative number, there is no impairment, therefore, there is no avoidance under Section 522(f).

If however, the above resultant figure is a positive number, the allowed value of the exemption must be deducted from the positive number. If the difference is zero (0) or a negative number, there is an impairment to the full extent of the lien or interest to be avoided. *In re Staley*, 95 B.R. 548 (Bankr.S.D.Ohio 1989). If offsetting the allowed value of the exemption against the positive number results in a positive number, there is impairment only to the extent of the difference.

■ In the instant case, the Debtors' residential property has been appraised at Thirty-five Thousand Dollars ($35,000.00). There is a mortgage lien of Twenty-five Thousand Five Hundred Sixty Dollars and 56/100 ($25,560.56), and back taxes in the amount of Two Hundred Three Dollars ($203.00). After the mortgage lien, back taxes and Ohio homestead exemption are subtracted from the appraised value of the property, the resultant balance is a negative number. Allowing the judicial lien of

Citizens to remain on the residential property impairs the Debtors exemption to the full extent of the lien. Therefore, the lien by Citizens impairs the Debtors' exemption and such lien shall be Avoided.

## II. Lien Avoidance of Debtors' Farmland Property:

The second issue before this Court is on Debtors' Motion to Avoid the Nonconsensual Judgment Lien of Citizens on Debtors' farmland property. Debtors contend that 11 U.S.C. § 506 allows them to avoid the nonconsensual judicial lien on the farmland in light of the Supreme Courts decision in *Dewsnup v. Timm*, —— U.S. ——, 112 S.Ct. 773, 116 L.Ed.2d 903 (1992). In *Dewsnup*, a Chapter 7 Debtor commenced adversary proceedings to determine the validity and extent of a note and trust deed held on debtors' real property. The debtors sought to reduce the respondents' lien on the property to the fair market value of the property under 11 U.S.C. § 506(d). The Supreme Court held that Section 506(d) did not allow the debtor to "strip down" the lien to the judicially determined value of the collateral because the respondents claim was secured by the lien. *Dewsnup, supra* at ——, 112 S.Ct. at 775.

Debtors claim that the judicial lien on their farmland property should be avoided in light of *Dewsnup*, because the *Dewsnup* decision applied only to "consensual" mortgage liens, and the instant case concerns a "nonconsensual" judicial lien. Therefore, the *Dewsnup* opinion would not apply. This Court does not hold that opinion. Lien avoidance under Section 506 of the Bankruptcy Code is not dependent merely upon whether the lien is consensual or nonconsensual. Rather, lien avoidance depends on whether the lien is allowable or disallowable based on Section 502, and whether the lien is secured or unsecured. 11 U.S.C. § 506(d) requires that a secured claim be disallowed as a prerequisite to avoidance of the lien. Disallowance of the lien is controlled by Section 502(a) which provides that a claim is allowed unless a party in interest objects. 11 U.S.C. § 502(a). Judicially ordered liens are al-

lowable under Section 502(a), therefore, the judicial lien by Citizens is an allowable claim.

Regarding the question of whether a lien is secured or unsecured, Section 506(a) holds in relevant part: "An allowed claim of creditor secured by a lien on the property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in such property ... and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim." Under Section 506(a), an undersecured allowed claim is bifurcated into a secured portion (that part of the claim that is secured to the extent of the value of the debtors interest in the collateral), and an unsecured portion (that which exceeds the value of the collateral). Thus a $100,000.00 claim secured by a lien on property of $60,000.00 is considered to be a secured claim to the extent of $60,000.00, and to be an unsecured claim for $40,000.00. *U.S. v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 239, 109 S.Ct. 1026, 1029, 103 L.Ed.2d 290 (1989).

Under Section 506(a), a lien that is secured by the collateral is not voidable. Conversely, the portion of the lien that is not secured by the Debtors' interest in the collateral is voidable. Therefore, lien avoidance under Section 506(a) and (d) is based upon whether a lien is allowable under Section 502(a), and if so, whether the allowable lien is secured or undersecured. The fact that a lien is or is not consensual is not, in and of itself, relevant in determining the avoidability issue. The true question in the instant case is whether the provisions of 11 U.S.C. 506 are available to Chapter 7 Debtors.

The Supreme Court, in *Dewsnup, supra,* concluded that § 506(d) could not be used by a Chapter 7 debtor to strip down a lien that has been allowed under § 502. *Dewsnup*, —— U.S. at ——, 112 S.Ct. at 779. The *Dewsnup* Court reasoned that Congress did not intend to depart from the pre-code rule which holds that liens pass through bankruptcy unaffected. *Id.* Citizens, in its motion, cites several Courts

which have, subsequent to *Dewsnup*, held that Section 506(d) may not be used by Chapter 7 debtors to strip judicial liens. See, *In re Bursee*, 142 B.R. 167 (Bankr. N.D.Ohio 1992); *In re Prestegaard*, 139 B.R. 117 (Bankr.S.D.N.Y.1992); *In re D'Amelio*, 142 B.R. 8 (Bankr.D.Mass.1992); *In re Gonzalez*, 149 B.R. 9 (Bankr.D.Mass. 1993); *In re Saturley*, 149 B.R. 245 (Bkrtcy.D.Me.1993). These Courts have refused to avoid liens irrespective of whether the judicial liens impaired an exemption, or had any present value. Where an exemption appeared to be impaired, these courts simply voided the lien to the extent of the impairment. If the liens had no present value, the courts determined that the liens effectiveness was a question of priority. In other words, the creditor's status was not greater than it otherwise would be in any foreclosure. This Court is persuaded by these arguments.

■ At the time the present Debtors filed their joint Chapter 7, the property was subject to a first mortgage in the amount of Fifty-four Thousand Nine Hundred Twenty-six Dollars and 30/100 ($54,926.30); a second mortgage in the amount of Sixty Thousand Five Hundred Fifty-three Dollars and 07/100 ($60,553.07); and an undisclosed claim for real estate taxes. The appraised value of the property was Ninety-eight Thousand Dollars ($98,000.00). The Debtors claim that there is no value in the farmland property for the Citizens' lien to attach to after the two (2) prior mortgage liens; and that the Citizens' lien is unsecured. The Court agrees that at best, the lien by Citizens is unsecured for the entire amount of the claim. When offsetting the value of the property, Ninety-eight Thousand Dollars ($98,000.00) by the valid first and second mortgage liens of Fifty-four Thousand Nine Hundred Sixty-two Dollars and 30/100 ($54,962.30), and Sixty Thousand Five Hundred Fifty-three Thousand Dollars and 07/100 ($60,553.07), the value of the Citizens' claim exceeds the value of the Debtors' interest in the collateral and is therefore unsecured. In addition, there is no equity in the property for the Citizens' lien to attach after payment of the prior liens. In any regard, the judicial

lien of Citizens should be allowed to remain with the property until such time as the property is foreclosed. Therefore, Debtors' Motion to Avoid the Judicial Lien of Citizens on the farmland property is Denied.

In reaching this conclusion, the Court has considered all the evidence and arguments of counsel, regardless of whether or not they are specifically referred to in this Opinion.

Accordingly, it is

**ORDERED** that the Debtors' Motion to Avoid the Judgment Lien on their residential property be, and is hereby, **GRANTED.**

It is **FURTHER ORDERED** that the Debtors' Motion to Avoid Judgment Lien on the farmland property be, and is hereby, **DENIED.**