**Paul MENELL, Plaintiff,**

v.

**The FIRST NATIONAL BANK OF BOSTON, Defendant.**

Civ. No. 93–5567 (CSF).

United States District Court, D. New Jersey.

Feb. 23, 1994.

Barry Warren Frost, Teich, Groh & Frost, Trenton, NJ, for Paul Menell.

Dean C. Waldt, Davis, Reberkenny & Abramowitz, Cherry Hill, NJ, for First National Bank of Boston.

### OPINION

CLARKSON S. FISHER, District Judge.

Before the court is an appeal of a bankruptcy court order dated November 24, 1993. The sole issue on appeal is whether the

bankruptcy court erred in holding that the clear language of 11 U.S.C. § 522(f)(1) of the Bankruptcy Code permits the debtor to avoid the appellee's lien only to the extent that it impairs his homestead exemption of $2,100, thereby rejecting the debtor's contention that 11 U.S.C. § 522(f)(1) enables the debtor to avoid the full amount of the a judgment lien in the amount of $5,502,956 in favor of appellee, First National Bank of Boston ("First National").

The debtor-appellant, Paul Menell, filed a petition under Chapter 7 of the Bankruptcy Code on November 17, 1992. On Schedule A of the petition, the appellant listed 21 Irongate Village, Metuchen, New Jersey, as real property with a value of $112,500.00. On Schedule C of his petition, appellant listed a $7,500.00 homestead exemption for the property pursuant to 11 U.S.C. § 522(d)(1). The property is encumbered by two consensual mortgages. As of the petition date, real property was encumbered by the following liens:

| American Union Savings Bank (First Mortgage) | $ 69,400 |
| Carteret Savings Bank (Second Mortgage) | 41,000 |
| First National Bank of Boston (judgment lien) | 5,502.956 |
| Key Bank (judgment lien) | 250,000 |

Accordingly, the consensual encumbrances on the real property totalled $110,400.00 ($69,400.00 + $41,000.00).

Neither secured creditor filed an objection to the appellant's $7,500.00 homestead exemption. The real property was abandoned by the Chapter 7 Trustee on February 23, 1993, pursuant to 11 U.S.C. § 554. On March 1, 1993, the bankruptcy court issued a discharge of the appellant, discharging him from any personal liability for the dischargeable debts listed on his petition.

On July 12, 1993, appellant filed a motion in the bankruptcy court to avoid the judicial liens of First National and Key Bank under 11 U.S.C. § 522(f)(1). Appellee filed an objection to the motion, and the bankruptcy court conducted a hearing on the motion on July 20, 1993. On November 8, 1993, the bankruptcy court ruled that the amount of equity in the real property was $2,100.00, calculated by subtracting the amount of the nonavoidable mortgage liens from the value of the real property, and held that the appellant could avoid First National's judicial lien pursuant to 11 U.S.C. § 522(f)(1) only to the extent that it impairs his homestead exemption, measured by the appellant's equity in the property ($2,100.00) as of that date. The court also held that the appellant could avoid Key Bank's judicial lien in its entirety, since Key bank had failed to respond to the motion. On November 24, 1993, the bankruptcy court entered an order reflecting the decision, and on December 3, 1993, the debtor appealed the bankruptcy court's decision to this court.

■ Both parties acknowledge that the sole issue on appeal involves only the bankruptcy court's conclusions of law. Accordingly, this court's review is *de novo*. *Matter of Jersey City Medical Center*, 817 F.2d 1055, 1059 (3d Cir.1987).

Appellant asserts that he is entitled to avoid the appellee's lien on his principal residence in its entirety where there is insufficient equity to satisfy completely both the judicial lien and the debtor's right to his exemption. In support of his argument, appellant cites a line of authority which concluded that section 522(f)(1) permits avoidance of the entire judicial lien if or when the lien impairs an exemption of the debtor. *See In re Galvan*, 110 B.R. 446 (9th Cir. BAP 1990); *In re Osborne*, 156 B.R. 188, 191 (Bankr.W.D.Va.1993). Appellant argues that under this approach he would be entitled to avoid First National's entire $5.5 million lien, because it impairs his homestead exemption. Appellant also contends that this interpretation of section 522(f)(1) comports with the Bankruptcy Code's purpose of creating a "fresh start" for the debtor. *See Local Loan v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934); *Matter of Lapointe*, 150 B.R. 92, 94 (Bankr.D.Conn.1993); House Rep. No. 95–595, 95th cong., 1st Sess. 362 (1977); S.Rep. No. 95–989, 95 Cong.2d Sess. 76 (1978). U.S.Code Cong. & Admin. News

1978, p. 5787. Finally, appellant contends that affirming the bankruptcy court's interpretation of section 522(f)(1) will serve only to encourage repeat bankruptcy filings by the same debtor seeking additional recourse to the $7,500.00 homestead exemption until the judicial lien is avoided piece by piece.

11 U.S.C. § 522 provides, in pertinent part:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien.

■■■ Resolution of this matter turns on fundamental principles of statutory interpretation. The bankruptcy court concluded that the plain language of the statute provides that the avoidance provisions of section 522(f)(1) allow the avoidance of the fixing of the lien to the extent that such lien impairs an exemption; "the ordinary meaning of the phrase 'to the extent' is the 'amount or degree to which a thing extends' or the 'scope' or 'limits' to which something applies." Bankruptcy Mem.Op. at p. 5. A reading of section 522(f) constrains this court to endorse the conclusion of the bankruptcy court. The clear language of the statute indicates that the avoidance provisions of section 522(f)(1) allow a debtor to avoid a judicial lien on an interest of the debtor in property "to the extent that such lien impairs an exemption," which in this case the bankruptcy court determined was $2,100.00, a determination not disputed by the parties. *See In re Simonson,* 758 F.2d 103 (3d Cir.1985). The proposition advanced by appellant, that the Bankruptcy Code's "fresh start policy" warrants avoidance of the entire judicial lien of First National under section 522(f)(1) is contrary to the plain meaning of that statute. Where the statutory meaning is plain, "the sole function of the court is to enforce it according to its terms." *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 240, 109 S.Ct. 1026, 1029–30, 103 L.Ed.2d 290 (1989). As the bankruptcy court below observed, "courts properly assume, absent sufficient indication to the contrary, that Congress intends the words in its enactments to carry their ordinary, contemporary, common meaning." Mem. Op. at p. 5 (citing *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership,* —— U.S. ——, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993)). Further, this court finds no evidence of congressional intent to vest a debtor with the ability to avoid a lien completely under section 522(f) along the lines advanced by appellant.

The bankruptcy court examined the plain meaning of the language of section 522(f)(1) and applied it to the facts of this case, and this court concurs in its legal findings. The record confirms that appellant's homestead exemption is in the amount of $2,100.00 and that First National's judicial lien impairs the exemption. Section 522 operates to allow this judicial lien to be avoided to the extent that it impairs the exemption, which in this case is limited to $2,100.00. Accordingly, First National's judicial lien may be avoided to the extent of $2,100.00. Any other result would contravene the plain language of section 522; there is no valid legal basis for this court to infer that the debtor is entitled to more. This result is consistent with an extensive line of authority negating appellant's argument that section 522(f) allows the debtor to avoid completely judicial liens which impair, in any amount, an exemption which the debtor is entitled to assert under section 522(b). This argument simply belies the plain language of 11 U.S.C. § 522. *See In re Opperman,* 943 F.2d 441 (4th Cir.1991); *In re Chabot,* 992 F.2d 891 (9th Cir.1993); *In re D'Amelio,* 142 B.R. 8 (Bankr.D.Mass.1992); *In re Prestegaard,* 139 B.R. 117 (Bankr. S.D.N.Y.1992); *In re Cerniglia,* 137 B.R. 722 (Bankr.S.D.Ill.1992); *In re Sanglier,* 124 B.R. 511 (Bankr.E.D.Mich.1991); *In re Abrahimzadeh,* 162 B.R. 676 (Bankr.D.N.J.1994). Because this court concurs in the bankruptcy court's interpretation of the plain meaning of section 522(f), the order of the bankruptcy court dated November 24, 1993, is affirmed. An order accompanies this opinion. No costs.