OPINION OF THE COURT
 

 COWEN, Circuit Judge.
 

 Paul Menell appeals from an order of the district court affirming an order of the bankruptcy court holding that MeneU can avoid
 
 *114
 
 the judgment lien held by First National Bank of Boston (“First National”) only to the extent that it impairs his homestead exemption. Because 11 U.S.C. § 522(f) is clear on its face and must be interpreted in accordance with the plain meaning of that statute, we will affirm the order of the district court.
 

 I.
 

 On Novémber 17,1992, Menell filed a petition under Chapter 7 of the Bankruptcy Code. Listed among his assets was his residence valued at $112,500. Menell claimed a $7,500 homestead exemption for the property pursuant to 11 U.S.C. § 522(d)(1). As of the petition date, the property was encumbered by two consensual mortgages and two judgment liens:
 

 [[Image here]]
 

 Neither secured creditor filed an objection to Menell’s $7,500 homestead exemption. The Chapter 7 trustee abandoned the property on February 23,1993, pursuant to § 554 of the Bankruptcy Code. Menell received a discharge in bankruptcy on March 1, 1993.
 

 Following the discharge, Menell filed a motion in the bankruptcy court to have declared void the judicial liens of First National and Key Banks under § 522(f)(1) of the Bankruptcy Code. The bankruptcy court conducted a hearing on the motion, and ruled that Menell had only $2,100 of equity in the property. It calculated this equity by subtracting the two mortgages from the stipulated value of the property. All parties agree that Menell’s equity in the residential property is only $2,100. The bankruptcy court held that Menell could avoid the lien of First National only to the extent that the hen impairs his homestead exemption (measured by Menell’s $2,100 equity in the property, not by the full amount of the $7,500 homestead exemption). The court also held that Menell could avoid the judicial lien of Key Bank in its entirety because Key Bank did not respond to the motion. Appeal to the district court fohowed.
 

 The district court affirmed the order of the bankruptcy court. Menell appeals from the order of the district court that limited the avoidance of the judicial lien of First National to $2,100.
 

 II.
 

 Jurisdiction was conferred on the district court to hear the appeal from the bankruptcy court by 28 U.S.C. §§ 158(a) and 1334(a) (1988). We have jurisdiction to entertain this appeal from the district court pursuant to 28 U.S.C. § 158(d) (1988). Our standard of review over questions of law is de novo.
 
 In re Jersey City Medical Center,
 
 817 F.2d 1055, 1059 (3d Cir.1987);
 
 Universal Minerals, Inc. v. C.A. Hughes & Co.,
 
 669 F.2d 98, 102 (3d Cir.1981).
 

 III.
 

 Menell contends that he is entitled to avoid the hen of First National on his principal residence in its entirety. He argues that there is a split in judicial authority over whether to permit total hen avoidance in eases where there is insufficient equity to completely satisfy both the judicial hens and the debtor’s right to his exemption. Relying on the “fresh start” purpose of the bankruptcy code, Menell urges that we adhere to an interpretation of § 522(f) adopted by some courts, which permits a debtor to completely avoid a judicial hen where the debtor claims a homestead exemption and the debtor has at least some equity in the property.
 
 See In re Galvan,
 
 110 B.R. 446, 451-52 (9th Cir. BAP 1990);
 
 In re Cross,
 
 164 B.R. 496, 497-98 (Bankr.E.D.Pa.1994);
 
 Osborne v. Dominion Bank, N.A. (In re Osborne),
 
 156 B.R. 188, 191 (Bankr.W.D.Va.1993),
 
 rev’d,
 
 165 B.R. 183 (Bankr.W.D.Va.1994);
 
 In re LaPointe,
 
 150 B.R. 92, 94-95 (Bankr.D.Conn.1993);
 
 In re Magosin,
 
 75 B.R. 545, 547 (Bankr.E.D.Pa.1987).
 
 [1]
 
 We decline to so hold.
 

 
 *115
 
 Title 11 of the United States Code, § 522(f) provides, in part:
 

 Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a hen on an interest of the debtor in property to the extent that such hen impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such hen is—
 

 (1) a judicial hen; ...
 

 11 U.S.C. § 522(f) (1988).
 

 Where a statute’s language is plain, “ ‘the sole function of the courts is to enforce it according to its terms.’”
 
 United States v. Ron Pair Enterprises, Inc.,
 
 489 U.S. 235, 241, 109 S.Ct.
 
 1026,
 
 1030, 103 L.Ed.2d 290 (1989) (quoting
 
 Caminetti v. United States,
 
 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)). Further, the plain meaning of legislation should be “conclusive, except in the ‘rare eases [in which] the hteral application of a statute will produce a result demonstrably at odds with the intentions of its drafters.’ ”
 
 Ron Pair Enterprises,
 
 489 U.S. at 242, 109 S.Ct. at 1031 (quoting
 
 Griffin v. Oceanic Contractors, Inc.,
 
 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)) (alteration in original). The district court affirmed the conclusion of the bankruptcy court that the plain language of § 522(f) allows the avoidance of the fixing of the hen only to the extent that such hen impairs an exemption.
 
 Menell v. First National Bank of Boston,
 
 No. 93-5567, shp op. at 4, 1994 WL 673057, at *2 (D.N.J. February 23,1994). According to the reasoning of the bankruptcy court, adopted by the district court, “‘the ordinary meaning of the phrase “to the extent” is the “amount or degree to which a thing extends” or the “scope” or “limits” to which something applies.’ ”
 
 Id.
 
 (quoting
 
 In re Menell,
 
 160 B.R. 524, 526 (Bankr.D.N.J.1993)). The district court, therefore, concluded that the plain language of the statute allows Menell to avoid the judicial hen only to the extent of $2,100, the amount of his equity in the property.
 
 Menell,
 
 No. 93-5567, shp op. at 5, 1994 WL 673057, at *2. We agree with the district court that the plain language of the statute dictates this result.
 

 Numerous courts, and in our opinion the better reasoned decisions, have rejected the argument that a judgment hen is avoided in its entirety under these circumstances.
 
 See City National Bank v. Chabot (In re Chabot),
 
 992 F.2d 891, 894-95 (9th Cir.1993);
 
 Wachovia Bank & Trust Co. v. Opperman (In re Opperman),
 

 [2]
 

 943 F.2d 441, 444 (4th Cir.1991);
 
 In re Abrahimzadeh,
 
 162 B.R. 676, 679-80 (Bankr.D.N.J.1994);
 
 In re Cerniglia,
 
 137 B.R. 722, 725 (Bankr.S.D.Ill.1992);
 
 In re D’Amelio,
 
 142 B.R. 8, 10 (Bankr.D.Mass.1992);
 
 In re Prestegaard,
 
 139 B.R. 117, 119 (Bankr.S.D.N.Y.1992);
 
 In re Sanglier,
 
 124 B.R. 511, 515 (Bankr.E.D.Mich.1991). These decisions have rehed on the plain meaning of § 522(f) to reach the conclusion that since the portion of the hen larger in amount than the exemption available to the debtor does not impair that exemption, only that part of the hen which interferes with the exemption may be avoided.
 
 Chabot,
 
 992 F.2d at 895;
 
 Opperman,
 
 943 F.2d at 444;
 
 In re Abrahimzadeh,
 
 162 B.R. at 679;
 
 In re Cerniglia,
 
 137 B.R. at 725;
 
 In re D’Amelio,
 
 142 B.R. at 10;
 
 In re Prestegaard,
 
 139 B.R. at 119;
 
 In re Sanglier,
 
 124 B.R. at 514.
 

 Additionally, the argument of Menell concerning the bankruptcy code’s “fresh start” pohcy produces unacceptable results. In order to embrace the “fresh start” argument of Menell and of those courts which have found it meritorious in the face of the plain language of the statute, we would have to hold that a debtor with one dollar of equity in property may avoid a judgment hen in its entirety, while a debtor with no equity or with a negative equity of one dollar, would be subject to the entire hen. Congress could not have intended that such small differences
 
 *116
 
 in equity produce such divergent legal results. To accept this reasoning would require us to conclude that Congress intended to confer a fresh start on only those individuals least in need of a fresh start.
 
 See In re Sanglier,
 
 124 B.R. at 515 n. 8.
 

 The approach which we believe is dictated by the statute results in lien avoidance only to the extent that a judicial lien impairs an available exemption. In the present case, after deducting the two consensual mortgages from the value of his residence, Menell has $2,100 equity in his residence. The homestead exemption to which he is entitled is $7,500. Accordingly, the judicial lien of First National impairs Menell’s exemption to the extent of $2,100 (his equity in the property). A lien of $5,500,856 remains on the property.
 

 The holding we announce today is consistent with the result this Court reached in
 
 Simonson v. First Bank of Greater Pittston (In re Simonson),
 
 758 F.2d 103 (3d Cir.1985). In
 
 Simonson,
 
 we held that absent some equity in property, lien avoidance under § 522(f) does not arise.
 
 Id.
 
 at 106. As we noted in
 
 Simonson,
 
 there is “no indication in the legislative history of section 522 suggesting that Congress intended it to be a means of creating equity, which did not otherwise exist, in the property for the benefit of a debtor.”
 
 Id.
 
 The common principle between
 
 Simonson
 
 and our holding today is that it is the debtor’s equity that controls the extent of the lien avoidance. Consistent with
 
 Simonson,
 
 we hold that the debtor may avoid the judicial lien of First National only to the extent that the judicial lien impairs his exemption, his $2,100 equity in the property.
 

 For the foregoing reasons, we will affirm the order of the district court.
 

 [1]
 

 . Menell also relies on a footnote in
 
 Owen v. Owen,
 
 500 U.S. 305, 313 n. 5, 111 S.Ct. 1833,
 
 *115
 
 1838 n. 5, 114 L.Ed.2d 350 (1991), where the Supreme Court in dicta cites
 
 In re Brantz,
 
 106 B.R. 62, 68 (Bankr.E.D.Pa.1989), and
 
 In re Carney,
 
 47 B.R. 296, 299 (Bankr.D.Mass.1985), as providing a "more precise formulation" of the procedure for judicial lien avoidance. We have considered the reasoning in these two bankruptcy court cases and find them unpersuasive.
 

 [2]
 

 . While the reasoning of the Court of Appeals for the Fourth Circuit in this decision is dicta under the facts of that case, we find that reasoning to be persuasive.