**In re Patricia Ann JONES, Debtor.**

**Patricia Ann JONES, Movant,**

v.

**MELLON BANK, N.A., Respondent.**

**Bankruptcy No. 95–020669–BM.**
**Motion No. 95–0617M.**

United States Bankruptcy Court,
W.D. Pennsylvania.

June 23, 1995.

Daniel L. Haller, Neighborhood Legal Services, Pittsburgh, PA, for movant/debtor Patricia Ann Jones.

Harry L. Lentchner, Pittsburgh, PA, for respondent Mellon Bank, N.A.

Joseph J. Bernstein, Chapter 7 Trustee, Bernstein and Bernstein, P.C., Pittsburgh, PA.

### *MEMORANDUM OPINION*

BERNARD MARKOVITZ, Bankruptcy Judge.

Debtor Patricia Ann Jones requests reconsideration of an order permitting her to avoid only a portion of a judicial lien that impairs her claimed homestead exemption. She contends that the recently-enacted amendment to the Bankruptcy Code set forth at 11 U.S.C. § 522(f)(2) reverses recently promulgated case law. Proper application of this provision, debtor contends, entitles her to avoid the judicial lien in its entirety as opposed to a partial avoidance.

Debtor's request will be granted. In accordance with the analysis set forth below, we will vacate the previous order and permit debtor to avoid the judicial lien in its entirety.

## I

### FACTS

Debtor filed a voluntary chapter 7 petition on March 1, 1995.

The schedules appended to the petition listed assets with a declared value of approximately $39,000.00 and liabilities of approximately $69,000.00.

Schedule A, Real Property, listed debtor's personal residence with a declared value of approximately $36,000.00. Schedule D, Creditors Holding Secured Claims, listed three consensual mortgages against her residence in the aggregate amount of approximately $28,500.00. In Schedule C, Property Claimed As Exempt, debtor claimed pursuant to 11 U.S.C. § 522(d)(1) a homestead exemption in her personal residence in the amount of $7,500.00.

On April 7, 1995, debtor moved to avoid a judicial lien in favor of Mellon Bank, N.A., in the amount of $10,954.29. Debtor averred that the judicial lien impaired the homestead exemption she had taken in her personal residence and sought pursuant to 11 U.S.C. § 522(f) to avoid the judicial lien in its entirety.

After notice and hearing held May 9, 1995, an order avoiding Mellon's judicial lien only to the extent of $7,500.00 was entered. The remainder of its judicial lien—i.e., $3,454.29—was not avoided. This outcome was based on the recent decision in *In re Menell*, 37 F.3d 113, 115 (3d Cir.1994).

On May 11, 1995, debtor requested reconsideration of the order of May 9, 1995. Debtor claims that the recent amendments to the Bankruptcy Code set forth in the Bankruptcy Reform Act of 1994 effectively overruled *Menell* by setting forth at 11 U.S.C. § 522(f)(2) a different methodology for ascertaining the extent to which a judicial lien impairs an exemption.

A hearing on debtor's motion for reconsideration was held on June 13, 1995.

## II

### DISCUSSION

*Menell* was based on what the United States Court of Appeals for the Third Circuit (hereinafter "Third Circuit") saw as the plain language of § 522(f) of the Bankruptcy Code, which at that time provided in pertinent part as follows:

Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien; . . .

11 U.S.C. § 522(f).

The Third Circuit in *Menell* explicitly rejected the position that a debtor may avoid a judicial lien in its entirety where a debtor claims a homestead exemption and has at least some equity in the property. It instead held that § 522(f) permits a debtor to avoid a judicial lien only to the extent that the lien impairs the exemption (as measured by the debtor's equity in the property rather than by the amount of the claimed exemption). 37 F.3d at 115. That portion of the judicial lien which exceeds the exemption available to the debtor (as measured by the debtor's equity in the property) does not impair the exemption and therefore is not avoidable. *Id.* In arriving at its decision, the Third Circuit expressly endorsed the reasoning set forth in *City National Bank v. Chabot (In re Chabot)*, 992 F.2d 891, 894–95 (9th Cir.1993).

We reasoned as follows in arriving at the order of May 9, 1995. First we determined that debtor's equity in her residence—i.e., the value of her interest therein ($36,000.00) minus the total amount of the consensual mortgages encumbering it ($28,500.00)—was $7,500.00. Applying the holding of *Menell*, we then concluded that debtor's claimed homestead exemption (as measured by her equity in the property) was impaired by Mellon's judicial lien, but only to the extent of $7,500.00. The remaining $3,454.29 of its

judicial lien in the amount of $10,454.29 did not impair debtor's claimed exemption and therefore was not avoidable ($10,954.20 − $7,500.00 = $3,454.19).

*Menell* was decided on September 28, 1994. Section 522(f) of the Bankruptcy Code was amended by the Bankruptcy Reform Act of 1994 on October 22, 1994, nearly three (3) weeks after *Menell* was decided. The amendment applied only to cases commenced on or after October 22, 1994, and did not apply to cases commenced prior thereto.

The above case was commenced on March 1, 1995, and therefore is subject to the provisions of the amended version of § 522(f). Section 522(f), as amended, now reads in pertinent part as follows:

(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien ...; ...

(2)(A) for the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens ...

11 U.S.C. § 522(f) (1994).

This definition of impairment as set forth in the recently-enacted § 522(f)(2)(A) is based upon a formula in *In re Brantz*, 106 B.R. 62 (Bankr.E.D.Pa.1989), and is intended to provide "a simple arithmetic test to determine whether a lien impairs an exemption". H.R.Rep. 103–384, 103rd Cong., 2d Sess. p. 52 *reprinted in* 1994 U.S.Code Cong. & Adm. News, pp. 3340, 3361.

In setting forth the above formula for ascertaining the extent to which a judicial lien impairs an exemption, Congress expressly rejected the methodology employed in *In re Chabot,* and, by implication, rejected *In re Menell.*

The second situation is where the judicial lien the debtor seeks to avoid is partially secured. Again, in an example where the debtor has a $10,000.00 homestead exemption, a $50,000.00 house and a $40,000.00 first mortgage, most commentators and courts would have said that a judicial lien of $20,000.00 could be avoided in its entirety.... However, a few courts, including *In re Chabot,* 992 F.2d 891 (9th Cir.1992), held that the debtor could avoid only $10,000.00 of the judicial lien in this situation, leaving the creditor after bankruptcy with a $10,000.00 lien attached to the debtor's exempt interest in property.... The formula in the section would not permit this result.

H.R.Rep. 103–384, 103rd Cong., 2d Sess., p. 53, *reprinted in* 1994 U.S.Code Cong. & Adm. News, p. 3362.

As we indicated previously, the above-captioned bankruptcy case was commenced on March 1, 1995, and therefore is governed by the formula set forth in the recently-enacted § 522(f)(2)(A). The methodology for determining the extent to which a judicial lien impairs a homestead exemption as set forth in *Menell* is **not** applicable.

■ Application of § 522(f)(2)(A) to the facts of this case leads us to conclude that debtor is entitled to avoid the judicial lien of Mellon Bank in the amount of $10,954.29 **in its entirety.** The sum total of the judicial lien ($10,954.29), all other liens against the property ($28,500.00), and the amount of the exemption debtor could claim in the absence of any liens against the property ($7,500.00) is $46,954.29 ($10,954.29 + $28,500.00 + $7,500.00 = $46,954.29). This amount in turn exceeds the value of debtor's interest in the property in question in the absence of any liens against it—i.e., $36,000.00—by $10,954.29 ($46,954.29 − $36,000.00 = 10,954.29). According to this formula, debtor may avoid the judicial lien of Mellon Bank to the extent of $10,954.29—i.e., in its entirety—instead of only in the amount of $7,500.00.

Perhaps a word of caution is in order as to the scope of our holding in this case.

 Were we called upon to decide the question of the extent of judicial lien avoidance in a case that was commenced prior to October 22, 1994, we would apply the analysis set forth in *Menell*. As a subordinate court, we are bound by the interpretation of law provided by the Third Circuit, unless that interpretation has been overruled by the United States Supreme Court or by the Third Circuit sitting *en banc*. *See Loftus v. Southeastern Pennsylvania Transportation Authority*, 843 F.Supp. 981, 984 (E.D.Pa. 1994). For us to say on our own that the Third Circuit's interpretation of the then-extant version of § 522(f) was incorrect would be tantamount to the tail wagging the dog. One need not have the metaphysical sophistication of an Aristotle to realize that this cannot be.

Our case, however, is distinguishable from *Menell* in that after *Menell* was decided, Congress amended the relevant statutory provision and effectively overruled the methodology set forth in *Menell* for determining the extent to which a judicial lien impairs a homestead exemption. The Third Circuit has not been called upon to apply the recently-enacted version of § 522(f)(2). As far as we can determine, only one other court has been called to decide this question. *See In re Thomsen*, 181 B.R. 1013 (Bankr.M.D.Ga. 1995). Were the Third Circuit called upon to decide the question of judicial lien avoidance under the recently-enacted version of § 522(f)(2), we believe that it would rule as we have in this case.

An appropriate order shall be issued.