**In re Wilma Joyce PLOTT, Debtor.**

**Bankruptcy No. 97–32320.**

United States Bankruptcy Court, N.D. Ohio.

Jan. 12, 1998.

Wilma Joyce Plott, Perrysburg, OH, for Debtor.

Richard Szczepaniak, Toledo, OH, for Debtor.

Bruce D. Lazar, Sylvania, OH, for Creditor.

John Graham, Toledo, OH, for trustee.

John Hunter, Sr. Toledo, OH, for trustee.

Office of the U.S. Trustee, Cleveland, OH.

## DECISION AND ORDER

RICHARD L. SPEER, Chief Judge.

This cause comes before the Court after Hearing on First National Bank of Pandora's (hereafter "First National") Motion for Relief from Stay and Abandonment of Property, and upon the Debtor's Motion to Avoid Lien Pursuant to 11 U.S.C. §§ 506(d) and 522(f)(1). Initially, the Trustee objected to First National's Motion, but the Trustee subsequently withdrew the objection. At the Hearing, the Court directed the parties to file Briefs on the legal issues involved in these Motions, which they have done.

At the Hearing, this Court determined that the value of the Debtor's residence, the subject property herein, is One Hundred Forty-five Thousand Five Hundred Dollars ($145,500.00). Debtor seeks to avoid First National's judgment lien, which attaches to the subject property in the amount of Eighty-three Thousand Nine Hundred Three and 88/100 Dollars ($83,903.88). The parties stipulated that the following encumbrances also attach to the subject property:

| | |
|---|---|
| Tax lien | $ 6,517.19 |
| First mortgage (First National) | $49,323.07 |
| Second mortgage (Mid–American Bank) | $15,961.14 |
| Third mortgage (Brian Ramsey, attorney) | $22,171.16 |
| | $93,972.56 |

In its Brief, First National cites *In re Jakubowski*, 198 B.R. 262 (Bankr.N.D.Ohio 1996), for the proposition that under § 522(f) Debtor may only avoid its judgment lien in part. Subsection 522(f)(1)(A) provides that a debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien "impairs an exemption" to which the debtor would have been entitled, and if such lien is a judicial lien which does not secure a debt to a spouse for child of the debtor. Subsection 522(f)(2)(A) sets forth a formula to mechanically determine when a judicial lien "impairs an exemption." Thus, to the extent that the judgment lien impairs an exemption under § 522(f)(2)(A), it could be avoided under § 522(f)(1)(A). The § 522(f)(2)(A) formula can be applied to the facts of the case at bar as follows:

| | |
|---|---|
| First National's judgment lien | $ 83,903.88 |
| All other liens on the property | $ 93,972.56 |
| Debtor's claimed exemption | $ 5,000.00 |
| | $182,876.44 |
| Less: | |
| Value of Debtor's interest in the property absent any liens | ($145,500.00) |
| Impairment | $ 37,376.44 |

Therefore, following the plain language of the Bankruptcy Code, First National's judgment lien can be avoided in the amount of Thirty-seven Thousand Three Hundred Seventy-six and 44/100 Dollars ($37,376.44) as impairing the Debtor's homestead exemption to this extent. Accordingly, First National's judgment lien shall be reduced by this amount to Forty-six Thousand Five Hundred Twenty-seven and 44/100 Dollars ($46,527.44).

In its Brief, Debtor makes a frivolous argument that this Court should avoid First National's judgment lien in full pursuant to the language found in the legislative history of the Bankruptcy Reform Act of 1994, which added the § 522(f)(2)(A) formula to the Bankruptcy Code. See H.R.Rep. 103–834, 103rd Cong., 2nd Sess 41–42 (Oct. 4, 1994); 140 Cong.Rec. H10770 (Oct. 4, 1994). The Debtor argues that the second scenario discussed in this House Report shows that Congress intended that partially secured liens must be avoided in their entirety. Debtor also cites the holdings of the Court in *In re Jones*, 183 B.R. 93 (Bankr.W.D.Pa. 1995), and this Court in *In re Miller*, 198 B.R. 500 (Bankr.N.D.Ohio 1996). In the second scenario discussed in the House Report, as in *Jones* and *Miller*, the value of the encumbrances on the property plus the debtor's exemption equaled or exceeded the value of the property, leaving an impairment

amount that was equal to or greater than the judgment lien sought to be avoided. Thus, mechanically applying the § 522(f)(2)(A) formula, the judicial lien was avoided in its entirety. That is, the amount of the impairment exceeded the amount of the lien, thus the lien could be avoided in full. In the case at bar, however, the formula allows for only the partial avoidance of First National's lien.

■ First National argues (alternatively to its argument above) that because the Debtor has no equity in the property, § 363 should control and relief from stay and abandonment should be granted, and that Debtor should not be allowed to avoid its lien in any amount because First National intends to foreclose on the property anyway. First National argues that once in state court Debtor will be entitled to the homestead exemption, and therefore avoiding the lien herein would serve no purpose to the Debtor or anyone else. While this is a novel argument, this Court declines to accept it. Congress clearly and unambiguously provided for the mechanical avoidance of judicial liens pursuant to the formula followed infra, whether or not relief from stay is granted and whether or not foreclosure is pending. Whether or not the application of this formula will materially benefit the debtor is neither a criteria for its application, nor a factor which this Court could easily judge. Further, interpreting § 522(f) as First National suggests could have the effect of rendering it a nullity. Accordingly, this Court finds no conflict between § 363 and § 522(f), and will simply avoid the lien as provided in § 522(f), and grant relief as provided in § 363.

Regarding First National's Motion for Relief from Stay and Abandonment, this Court finds there is no equity in the property. Indeed, the Trustee has reviewed the matter and has withdrawn his objection. Accordingly, the First National's Motion shall be granted.

Accordingly, it is

*ORDERED* that Debtor's Motion to Avoid Lien Pursuant to 11 U.S.C. § 522(f)(1) be, and is hereby, *GRANTED,* and that the judgment lien of First National Bank of Pandora be, and is hereby, *AVOIDED* in the amount of Thirty-seven Thousand Three Hundred Seventy-six and 44/100 Dollars ($37,376.44). Accordingly, First National Bank of Pandora shall forthwith file in the appropriate record of title of the subject property a release of its lien, reducing the lien to the amount of Forty-six Thousand Five Hundred Twenty-seven and 44/100 Dollars ($46,527.44).

It is *FURTHER ORDERED* that First National Bank of Pandora's Motion for Relief from Stay and Abandonment of Property be, and is hereby, *GRANTED* in accordance with this Order.