**SUMMIT BANK, Plaintiff,**

v.

**THE VESSEL "HARBOR LIGHT," in rem, and Robert L. Nicholson, in personam, Defendants.**

No. CIV. 95–1803(JBS).

United States District Court,
D. New Jersey.

April 11, 2001.

John A. Boyd, Stone Harbor, NJ, for Plaintiff.

Thomas J. Orr, Burlington, NJ, for Defendants.

## OPINION

SIMANDLE, District Judge.

The instant matter is before the Court on motion of defendant Robert L. Nicholson ("Nicholson"), made pursuant to *N.J.S.A.* 2A:16–49.1, to cancel and discharge a default judgment entered by this Court in the amount of $57,259.68 on July 31, 1995. Nicholson, whose debts were discharged in bankruptcy on March 22, 1996, claims that the judgment impairs the homestead exemption to which he was entitled in bankruptcy, and should therefore be discharged so that he may freely convey his property and obtain future credit. Plaintiff Summit Bank opposes complete cancellation or discharge of the judgment. This motion calls upon the Court to interpret the discharge provisions in 11 U.S.C. § 522(f), as amended in 1994, and to determine how a debtor's equity in jointly owned property should be valued where the debtor seeks to have a judgment against him cancelled and discharged. For the reasons stated herein, this Court will grant defendant Nicholson's motion and direct the Clerk of this Court to mark the judgment listed on this Court's docket as item 14 as cancelled and discharged.

## I. BACKGROUND

The complaint in the underlying matter was filed by Summit Bank on April 13, 1995, approximately six years ago, and named the vessel "Harbor Light" as an in rem defendant and Robert L. Nicholson ("Nicholson") as an in personam defendant. On June 29, 1995, this Court issued an order directing the Clerk to issue a warrant to arrest the vessel "Harbor Light." On July 10, 1995, Summit Bank requested entry of default against Nicholson for failure to appear. On July 12, 1995, default was entered against Nicholson. On July 15, 1995, the United States Marshals Service gave notice that the vessel "Harbor Light" had been arrested. On July 21, 1995, Summit Bank requested entry of default judgment against Nicholson. On July 31, 1995, default judgment was entered against Nicholson, in personam, in the amount of $56,259.68 with costs. On August 16, 1995, pursuant to Summit Bank's request, default judgment was entered against the vessel "Harbor Light."

On November 20, 1995, Nicholson filed a Chapter 7 Bankruptcy Petition in the United States Bankruptcy Court, District of New Jersey. According to Schedule A of Nicholson's bankruptcy petition, the property at issue, namely the residence in Browns Mills that he has jointly owned with his wife since 1977 (hereinafter "the property"), was valued at $80,000.00, subject to a secured mortgage claim in the amount of $62,034.53. (*See* Nicholson's Supplemental Reply Letter Br., Ex. 1.) A $15,000 exemption (at the time of Nicholson's petition) was allowed for real property used by the debtor as a residence. *See* 11 U.S.C. § 522(d)(1). The petition also listed Summit Bank, among others, as additional creditors. (*See* Def.'s Certification in Support of Mot. to Cancel J., Ex. 2.) On January 30, 1996, the U.S. Marshals Ser-

vice gave notice of the sale of the vessel "Harbor Light." On March 5, 1996, the case filed in this Court was closed. On March 22, 1996, the Honorable Gloria M. Burns, United States Bankruptcy Judge, issued an order releasing Nicholson from all dischargable debts. (*See* Def.'s Certification, Ex. 3.)

Defendant Nicholson now moves pursuant to *N.J.S.A.* 2A:16-49.1 [1] to cancel and discharge this Court's July 12, 1995 judgment against him in its entirety. Nicholson claims that the open judgment is hampering his ability to obtain credit and is preventing him from transferring title to the property at issue, which remains his residence. Because the secured mortgage debts in the property plus the homestead exemption to which he was entitled exceed his equity in the property, argues Nicholson, the judgment Summit Bank holds against him should be cancelled and discharged of record. Summit Bank opposes this motion, arguing that Nicholson may only avoid, at most, $15,000 (the maximum homestead exemption available in Bankruptcy) of the present judgment.

## II. *DISCUSSION*

■ Summit Bank does not dispute that Nicholson's motion under *N.J.S.A.* 2A:16-49.1 is timely, since well over one year has elapsed from the time Nicholson's debts were discharged in bankruptcy. The par-

ties also concur that the pertinent Bankruptcy Code provisions referenced in the New Jersey Statute, 11 U.S.C. §§ 522(f)(1)(A) and (f)(2)(A), provide as follows:

(f)(1) Notwithstanding any waiver of exemptions but subject to paragraph (3), the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(A) a judicial lien, . . .

. . . . .

(f)(2)(A) For the purposes of this subsection, a lien shall be considered to impair an exemption to the extent that the sum of—

(i) the lien;

(ii) all other liens on the property; and

(iii) the amount of the exemption that the debtor could claim if there were no liens on the property;

exceeds the value that the debtor's interest in the property would have in the absence of any liens.

The parties agree that this is the relevant calculation to be considered in this matter.[2] Essentially, this court must follow the following steps in determining whether to

---

**1.** *N.J.S.A.* 2A:16-49.1 reads, in relevant part: At any time after 1 year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of Congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, . . ., for an order directing the judgment to be cancelled and discharged of record. . . . Where the judgment was a lien on real property owned by the bankrupt prior to the time he was adjudged a bankrupt, and not subject to be discharged or released under the provisions of the Bankruptcy Act, the lien thereof upon said real

estate shall not be affected by said order and may be enforced. . . .

**2.** Although plaintiff Summit Bank initially presented the standard articulated in *Menell v. First Nat'l Bank of Boston,* 37 F.3d 113 (3d Cir.1994), as the relevant standard, (*see* Pl.'s Opp. to Def.'s Mot. to Cancel J. at 6–7), plaintiff acknowledged in its reply brief that the *Menell* standard was overruled by the 1994 amendments to the Bankruptcy Code. *See In re Piersol,* 244 B.R. 309, 312 n. 1 (Bankr. E.D.Pa.2000).

cancel and discharge the judgment against Nicholson:

(1) Determine the value of the property;

(2) Deduct the amount of all liens not to be avoided from (1);

(3) Deduct the Debtor's allowable exemptions from (2).

(4) If (3) is a negative number, all judicial liens are avoided.

(5) If (3) yields a positive number, liens may be avoided, in order of priority, to that extent only.

*See In re Piersol*, 244 B.R. at 311–12 (citing *Owen v. Owen*, 500 U.S. 305, 313 n. 5, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991)(approving this formula)); *In re Brantz*, 106 B.R. 62, 68 (Bankr.E.D.Pa.1989).

■ Because the property at issue is jointly owned by Nicholson and his wife, it is necessary to address the issue of how to value the debtor's (here Nicholson's) interest in the property prior to completing the calculation cited in *In re Piersol*. Courts within the Third Circuit have supported a strict construction of the text of 11 U.S.C. § 522(f)(2), which directs that only the debtor's portion of the value and mortgage obligation be entered into the above calculation, even if the outcome of such calculation would result in a windfall to the debtor. *See In re Abruzzo*, 249 B.R. 78, 88 (Bankr.E.D.Pa.2000); *In re Piersol*, 244 B.R. at 314 (valuing debtor's interest at one-third where he jointly owned property with his two sisters); *see also In re Freeman*, 259 B.R. 104, 110–12 (Bankr.D.S.C.2001)(comparing the two lines of cases addressing this issue)(internal citations omitted). The court in *In re Piersol* reasoned that a strict interpreta-

tion of the plain language of the Bankruptcy Code was appropriate in light of the Supreme Court's instruction that the "plain language of the Bankruptcy Code ... is [their] determinant." 244 B.R. at 312 (quoting *Patterson v. Shumate*, 504 U.S. 753, 757, 112 S.Ct. 2242, 119 L.Ed.2d 519 (1992)). The court also noted that it agreed that bankruptcy exemptions should be liberally interpreted so that the "fresh start" principle underlying the protections afforded in the Bankruptcy Code are maximized. *See In re Piersol*, 244 B.R. at 312–13. In light of these cases, and because Summit Bank has not challenged this method of calculation, this Court will value Nicholson's interest as one-half of the total value of the property when determining whether the judgment should be cancelled and discharged as avoidable under the law of the Bankruptcy Code.[3]

■ As applied to the facts of this case, the calculation outlined in 11 U.S.C. § 522(2)(A) and *In re Piersol* yields the following result:

(1) **Value of Nicholson's interest in the Property:** $40,000.00

(2) **Less Nicholson's portion of mortgage obligation:** $31,017.27

**SUBTOTAL:** $ 8,982.73

(3) **Less Exemptions available § 522(d)(1):** $15,000.00

(4) **Nicholson's Net Equity in the Property:** ($6,017.27)

Because Nicholson's net equity in the property is a negative number, all judicial

---

**3.** In light of defendant Nicholson's supplemental submission to this Court, received January 18, 2001, which includes Nicholson's Bankruptcy Petition and schedules listing the value of the property, this Court need not address Summit's previous claim that Nicholson's proofs were lacking. (*See* Pl.'s Letter to the Court, Jan. 17, 2001.) Defendant's attorney has certified that the schedules attached to the supplemental reply brief are the same as those filed in the initial 1995 bankruptcy proceeding. (Def.'s Supp. Reply Br. at 1.) Plaintiff has not disputed the values claimed in these submissions.

liens may be avoided. *See In re Piersol,* 244 B.R. at 311–12 (citing *Owen v. Owen,* 500 U.S. 305, 313 n. 5, 111 S.Ct. 1833, 114 L.Ed.2d 350 (1991)(approving this formula)); *In re Brantz,* 106 B.R. 62, 68 (Bankr. E.D.Pa.1989).

## III. *CONCLUSION*

For the reasons discussed above, the Court will grant defendant Nicholson's motion to cancel and discharge the entire judgment pending against him in this Court. The accompanying Order is entered.

### *ORDER*

THIS MATTER having come before the Court on motion of plaintiff to cancel and discharge judgment pursuant to *N.J.S.A.* 2A:16–49.1, and the Court having considered the submissions of the parties;

**IT IS** this day of April, 2001 hereby

**ORDERED** that plaintiff's motion to cancel and discharge judgment be, and hereby is, *GRANTED,* and the Clerk of this Court is directed to mark the judgment [listed as docket item # 14] as cancelled and discharged as of this date.